GREENWOOD C. ARNOLD *vs.* SAMUEL NASH.

Suffolk.   March 7. — 18, 1879.   MORTON & ENDICOTT, JJ., absent.

If a lessee has obtained peaceable entry and possession of a building previously occupied as a grocery, by a tenant at will of the lessor, and any notice to the tenant is necessary, two days is a reasonable time for such notice, in the absence of evidence to the contrary.

TORT for breaking and entering the plaintiff's close, and removing the plaintiff's goods therefrom, and for an assault.

At the trial in the Superior Court, before *Putnam,* J., the plaintiff offered evidence tending to show that he had been in the occupancy of a grocery on Warren Street in Boston for some four years, the latter portion of the time without any written lease, being a tenant at will, and paying his rent monthly; that on Saturday, November 24, 1877, the defendant attached certain goods in the store, which were the property of one Hayes, and put in a keeper; that he kept the keeper in the store until December 6, 1877, at which time the goods were sold by auction; that, on the Tuesday after the attachment, the plaintiff got into the store through an unfastened door, during the temporary absence of the keeper, and fastened up the door again; that the keeper returned, broke out a light, and got in; that, on December 3, the plaintiff ordered the keeper out again, and pro ceeded to lock up the front door while the keeper was inside; that the keeper sent for the defendant, who came, broke into the store again, unfastened the front door, and with the help of the keeper put the plaintiff out.

The defendant offered evidence tending to show that, prior to the time when he put the keeper in the store, the owner of the premises had executed to one Gallagher a written lease thereof for a term of years, dated November 1, 1877, and to take effect immediately; that on Thursday, November 22, 1877, two days before the attachment referred to, he served a notice upon the plaintiff that his tenancy was terminated by the written lease, and requesting him to leave the premises; that, on the day of the attachment, he went to the premises with one Dennis, with a written authority from Gallagher to enter and take possession of the premises and hold then for him, as his agent, under his

lease; that he read the authority to the plaintiff, and showed him the lease, but would not say that he read the lease to him: that he then, in the presence of the plaintiff, requested Dennis to take and hold possession of the premises for Gallagher; that he then proceeded to make the attachment, and appointed Dennis as keeper of the goods attached; and that no opposition was made to these proceedings by the plaintiff. There was no evidence that the plaintiff had any notice of the written lease before Thursday. All this evidence, as to the taking possession and giving notice, was denied by the plaintiff.

The judge instructed the jury that, if they found that the defendant obtained peaceable possession of the premises before he made the attachment, the plaintiff could not recover, because the premises were no longer the premises of the plaintiff, his tenancy being terminated; but if he did not thus obtain possession, the defendant had kept his keeper in the premises an unreasonable time and was a trespasser *ab initio*, and responsible for such entry and all injury to the building and all his subsequent acts. To this ruling no exception was taken.

The plaintiff then contended, that, if the tenancy was thus terminated, he should have had reasonable notice of the intended entry upon the premises; and that a notice given on the Thursday previous was not sufficient. The judge stated that, if the defendant obtained peaceable entry and possession on Saturday, he did not think it was affected by a want of previous notice; but as there was evidence of a previous notice given on Thursday, he should rule, for the purposes of the trial, that a notice was necessary; and further ruled, that, if the jury found that the defendant gave the notice which he claimed he had given on the previous Thursday, that notice, as matter of law, was reasonable notice.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*B. F. Briggs*, for the plaintiff.

*C. T. Gallagher*, for the defendant.

BY THE COURT. The only ruling excepted to is that, assuming, as matter of fact, that the defendant obtained peaceable entry and possession on Saturday, and, as matter of law, that previous notice was necessary, then, as matter of law, two days

was a reasonable time for such notice; and the bill of exceptions states no facts having any tendency to show that the ruling, as applicable to the circumstances of this case, was erroneous. *Pratt* v. *Farrar,* 10 Allen, 519.        *Exceptions overruled.*