## URIAH WARDELL *vs.* JOSEPH F. ETTER.

Bristol. October 28. — 29, 1886. DEVENS & W. ALLEN, JJ., absent.

A notice from A. to B., a tenant at sufferance, to quit, dated July 3, 1885, and served between six and seven o'clock on the evening of that day, after reciting that A. had "this day leased the tenement," notified B. to vacate the tenement "by Monday, 6th day of July current, by twelve o'clock noon." In an action on the Pub. Sts. *c.* 175, by A. against B., to recover possession of the tenement, it appeared that it was occupied by B., a married man, and was in the second story. The judge, who tried the case without a jury, found as a fact that the notice was sufficient in point of time. *Held,* that no error in law appeared.

In an action on the Pub. Sts. *c.* 175, to recover possession of a certain tenement, if the plaintiff, who has received a written lease of the premises, notifies the defendant, who holds under an oral agreement, to vacate the tenement on a certain day "by twelve o'clock noon," and the writ is dated, and the officer's return shows that it was served, on that day, the officer may testify, for the purpose of showing that the action was not prematurely brought, that he served it in the evening.

ACTION on the Pub. Sts. *c.* 175, to recover possession of a certain tenement in Taunton. Writ dated July 6, 1885, and, as shown by the officer's return, served on that day. Trial in the Superior Court, without a jury, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows:

It appeared that the defendant leased the tenement by an oral agreement from Ann C. Howard, and had occupied said premises for some time previously to July 1, 1885; that on July 3, 1885, Howard let said tenement to the plaintiff, by a duly executed written lease, for the term of one year; that the plaintiff thereupon caused to be served upon the defendant the following notice, dated July 3, 1885: "Please take notice that I have this day leased the tenement 28 White Street in said Taunton, the same being the upper tenement or the tenement now occupied by you at said 28 White Street, as the tenant of my lessor, Mrs. A. C. Howard, and I further give you notice to quit, vacate, and deliver up to me the said tenement by Monday, 6th day of July current, by twelve o'clock noon, or I will take due course of law to eject you from the same;" and that the notice was served between six and seven o'clock in the evening of July 3, 1885.

The plaintiff called as a witness one Cobb, a deputy sheriff, and asked him the following question: "Do you remember what

time of day you served that writ?" To this, against the defendant's objection, he made the following answer: "I can't tell you exactly. I got home after sunset, or about sunset, and my folks told me you had been down to see me; I drove immediately to your office, and took the papers, and made out my copies, and went up to Etter's house, and rapped at the door, but I did n't seem to find him at home, and finally I left it, and I should think it was late in the evening; my impression would be it was not a great way from nine o'clock."

It further appeared that the defendant occupied the second story of said tenement, and was a married man.

The defendant asked the judge to rule, as matter of law, that the notice, upon the above evidence, was insufficient in point of time. The judge refused so to rule; found, as a fact, that the notice was sufficient in point of time, and that the writ was made after six o'clock in the evening of July 6; and found for the plaintiff. The defendant alleged exceptions.

*F. V. Fuller*, for the defendant, contended: 1. That the testimony of the officer was inadmissible to explain or qualify his return, and therefore that the action was prematurely brought. 2. That the notice did not afford the tenant a reasonable time in which to remove, as it embraced a public holiday and Sunday.

*W. W. Robinson*, for the plaintiff, was not called upon.

BY THE COURT. After the lease was made to the plaintiff, the defendant became a tenant at sufferance. There is nothing in the bill of exceptions to show that the finding of the Superior Court, that the notice was sufficient, was erroneous as matter of law. *Arnold* v. *Nash*, 126 Mass. 397.

As the notice fixed "Monday, 6th day of July current, by twelve o'clock noon," as the time when the tenant was required to vacate the premises, it was important for the plaintiff to show that his writ was not sued out and served before that time. The writ is dated July 6, 1885, and the officer returned that he served it on July 6, 1885. For the purpose of showing that it was issued and served after noon of that day, it was competent for the officer to testify that he served it in the evening. This testimony did not contradict or vary his return, but was consistent with it.                    *Exceptions overruled.*