ISAAC M. HENSHAW *vs.* GEORGE SAVIL & another.

A magistrate's record of the proceedings on an application for the poor debtor's oath properly includes the notice to the creditor and the officer's return thereon; and in an action upon the recognizance, a certified copy of the record is admissible to show in what county the notice was served; and parol evidence is admissible to show that he who served the notice was not an officer of the county named in the margin of the return.

A discharge upon taking the poor debtor's oath is invalid if the notice to the creditor was served outside of the officer's precinct.

CONTRACT against the sureties upon a recognizance under Gen. Sts. *c.* 124, § 17, by which the principal, having been arrested on execution, recognized to appear at the time fixed for his examination, and to abide the order of the magistrate.

At the trial in the Superior Court, before *Lord*, J., the plaintiff introduced the record of the court on which the execution was founded, and also the execution itself, dated May 9, 1872, with the officer's return upon it, which showed that the defendant was arrested in Norfolk County, May 24, 1872, and was discharged from arrest by a trial justice May 28, 1872. The plaintiff then called the trial justice, and put in evidence a certified copy of his record. The justice testified that he was a trial justice of Norfolk County when the recognizance was entered into before him. From the copy of the record it appeared that May 28 was appointed as the time, and the justice's office in Quincy in the county of Norfolk as the place, for the debtor's examination; that notice was issued to the creditor, and that the officer's return upon the notice was as follows :

" Suffolk, ss. May 25, 1872. By virtue hereof I this day gave in hand to Geo. W. Morse an attested copy of this notice as required, he being attorney for the plaintiff. Washington M. French, deputy sheriff."

George W. Morse, mentioned in the return, testified that he lived in Norfolk County at the date of the return; that the plaintiff lived in Suffolk County; that the plaintiff had no other agent or attorney in Norfolk County; that the only service made upon him, Morse, was made by Washington M. French, at the office of Morse, at No. 5 Court Street, Boston, on May 25, and that there was no waiver of notice.

The sheriff of Suffolk County then testified that on May 25, 1872, there was no such deputy sheriff of Suffolk County as Washington M. French, and that there had not been since he became sheriff of the county, nineteen years before.

For the defence, the trial justice testified that the recognizance was taken before him, for the debtor to appear before him at a time fixed; that the debtor appeared at the time and was discharged by him, no one appearing on the part of the creditor; and that he did not know where the service was made.

The court ruled that upon so much of the evidence which had been offered as was competent (all having been admitted *de bene*) the plaintiff had not shown such a state of facts as entitled him to a verdict, and directed a verdict for the defendant, and reported the case to this court.

*G. W. Morse & J. H. Hardy,* for the plaintiff.

*J. Q. Adams,* for the defendants.

WELLS, J. The record of the magistrate properly embraced the notice to the creditor and the officer's return thereon. Upon their regularity his jurisdiction to admit the debtor to his oath depended. Copies thereof, certified by the magistrate, were competent, and the proper mode of proving the facts for the purposes of this case.

It thus appeared that the service of notice, which gave the magistrate apparent jurisdiction, was made upon the creditor's attorney in Suffolk County. Parol testimony that the service was in fact made in Suffolk County, and that French was not an officer in that county, did not contradict the return, but showed that the person purporting to have made it had no authority to do so, or to serve the notice. The magistrate therefore had no proper jurisdiction, and the discharge of the debtor was invalid.

*Verdict set aside.*