HENRY E. TAYLOR & another *vs.* JONATHAN CLARKE.

Suffolk. March 13. — Nov. 4, 1876. AMES & MORTON, JJ., absent.

The return of an officer, to whom was delivered a notice of the desire of a person arrested to take the oath for the relief of poor debtors, set forth that he served the notice on the officer who made the arrest, " as neither the creditor nor his attorney could be found within my precinct." *Held,* that parol evidence was admissible to show that the creditor was not a resident of the county where the arrest was made, and had no agent or attorney living or having his usual place of business therein; and that the service on the officer who made the arrest was therefore sufficient, under the Gen. Sts. *c.* 124, § 13.

CONTRACT on a recognizance entered into, under the Gen. Sts. *c.* 124, § 10, on May 11, 1874, by Benjamin Russell as principal, and the defendant as surety.

The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, on an agreed statement of facts, in substance as follows:

The recognizance was given to relieve Russell from arrest on an execution against him in favor of the plaintiffs. The condition of the recognizance was that Russell should deliver himself up for examination to take the benefit of the law for the relief of poor debtors, and give due notice to the plaintiffs of the time and place appointed for such examination. Russell duly delivered himself up, and applied to the trial justice, who took the recognizance, to fix a time and place for the examination, and issue a citation to be served on the plaintiffs. The citation was duly issued and put into the hands of a constable of Malden for service, who indorsed the following return thereon : " Middlesex, ss. Malden, June 3, 1874. I this day, at forty-five minutes past eight o'clock in the afternoon, served the within notice by giving an attested copy thereof to Charles H. Rhodes, deputy sheriff, he being the officer who made the arrest, as neither the creditor nor his attorney could be found within my precinct. Said service was made at Main Street, in Malden, in said county. William H. Cromack, Constable of Malden."

The only question raised in this case is whether the service of the citation upon the officer was sufficient, it only appearing by the return that the plaintiffs or their attorney could not be found in Malden. It is admitted that the defendant can prove

by parol, if competent, that neither of the plaintiffs was a resident, or had a place of business, or any agent or attorney, within the county of Middlesex, and that the attorney of record had no residence or place of business in the county of Middlesex at the time of the service of the citation.

*M. Holbrook*, for the plaintiffs.

*J. W. Pettengill*, for the defendant.

LORD, J. In this case the citation was served upon the proper person. The officer who served it was properly qualified to make service upon such person. The plaintiff however says that these facts do not appear of record. The fallacy of his position is in the assumption that it must appear by the officer's return that service was made upon the proper person, and that no other evidence is competent to prove the fact. This is not so. The officer's return is evidence, and conclusive evidence of the fact of service and of the mode of service; but he does not know, nor is it his duty to inquire, whether the person, upon whom by his precept he is directed to make the service, is the proper person to be notified. The party interested in having the service made selects, at his peril, the person upon whom the notice shall be served. Service having been made upon the proper person, and by an officer competent to make the service upon such person, upon the agreed statement there must be

*Judgment for the defendant.*