ESTHER C. LEAVITT *vs.* CHARLES S. LEAVITT.

Suffolk. March 21. — June 20, 1883. DEVENS & W. ALLEN, JJ., absent.

A constable or a private person has no authority to serve the process issuing upon a libel for divorce, unless by special order of the court.

LIBEL for divorce. An order of notice in the usual form was issued by the clerk, and a return of service was made and sworn to by a constable; and the libellee was defaulted.

At the hearing, *C. Allen,* J., ruled that neither a constable nor a private person has authority to make service of such a process, without a special order from the court, justice or clerk, either under the statutes, or under the common law as now in force in this Commonwealth, and declined to pass upon the merits of the case without further service, or to consider whether in fact the libellee had actual notice by reason of said service by the constable. The libellant alleged exceptions.

*N. W. Ladd,* (*C. H. Sprague* with him,) for the libellant.
No counsel appeared for the libellee.

MORTON, C. J. Our statutes provide that, after a libel for divorce is filed in court, " the court, justice, or clerk may order the adverse party to be summoned to appear and answer at the court having jurisdiction of the cause, by the publication of the libel or of the substance thereof, with the order thereon, in one or more newspapers to be designated in the order, or by delivering to such party an attested copy of the libel and a summons, or in such other manner as may seem most proper and effectual." Pub. Sts. *c.* 146, § 9. Section 10 provides that, " when the adverse party does not appear, and the notice of the pendency of the libel is considered by the court to be defective or insufficient,

it may order such further notice as it may consider proper." This section gives to the court the broadest discretion in deciding as to the sufficiency of the service. When the order of notice or summons is served, as it usually is, by a deputy sheriff, it is the constant practice of the court to require some evidence, in addition to the return of service, to show that the order has been served upon the right person, and, if such evidence is not furnished, to order that further service be made. It is difficult to see how any exception lies to an order of the court requiring further service. But as the presiding justice in this case based his action upon the ground that neither a constable nor a private person has authority to make service of a libel without a special order of the court or clerk, and as this question is one of great practical importance, and has been fully argued by the counsel for the libellant, we have considered it.

The process which issues upon filing a libel, though in form an order of notice, is in legal effect a summons. It is the process by which the libellee is directed to appear in court and answer to a civil action, and has always been treated by the statutes, from the St. of 1785, c. 69, to the latest revision, in 1881, as in the nature of a summons issued by a common law court, and not as in the nature of a citation from an ecclesiastical or civil law court. It was never contemplated by the statutes that it could be served by any disinterested person, unless by a special order of the court. Private persons cannot serve legal process issuing from a court, unless they are authorized to do so by express provision of statute, as, for instance, in serving a subpœna upon witnesses.

It has been decided that a constable had no authority under the St. of 1785 to serve a libel for divorce, and a libel was dismissed because served by a constable. *Brown* v. *Brown*, 15 Mass. 389. This case involves the decision that a private person cannot serve a libel, for, if he can, he could not vitiate the service by adding to his name in his return his designation as a constable. To hold that every libellant has the right to select any person to serve the summons or order of notice, would greatly increase the danger of fraud and imposition upon the court, — a danger which is already so great as to require the utmost vigilance to guard against it.

But the libellant contends that a constable is authorized to serve the process issuing upon a libel by virtue of the provisions of the Pub. Sts. *c.* 27, § 117. This section provides that "they may serve by copy by them attested all demands, notices, and citations, and their returns of service thereof shall be *prima facie* evidence; but this provision shall not exclude the service thereof by other parties." He contends that an order of notice upon a libel is a citation within the meaning of this provision. We cannot accept this construction.

Constables are local officers of the peace elected by cities or towns. Originally, their duty was to keep the peace, and they have no authority to serve process in civil actions, except such as is expressly conferred upon them by statute. In this State, the statutes have conferred upon them authority to serve process in personal actions where the amount in controversy is small, or which are otherwise comparatively unimportant. We should be slow to believe that the Legislature intended to give them authority to serve the original process in a matter so important as a divorce suit, unless such intention is expressed in the clearest manner.

This provision was first enacted in the revision of the statutes in 1860. Gen. Sts. *c.* 18, § 64. At the same time a provision in precisely the same language was enacted applicable to sheriffs. Gen. Sts. *c.* 17, § 66. It seems clear to us that the word "citation" was not intended to denote an original summons. The context shows this. It is used in connection with "demands" and "notices." *Noscitur a sociis.* The saving clause that the provision shall not exclude the service thereof by other parties, indicates that it was dealing with processes which might be served by private persons. The reasons given to the Legislature by the commissioners show that it was not the purpose to enlarge the number of processes which a constable or sheriff might serve, but to "furnish a uniform rule for the service of many notices and demands," and to "make an officer's return of service of citations, demands, and notices, *prima facie* evidence, and thus often render it unnecessary to require him to attend court as a witness to the facts by him certified."

The word "citation," which in the civil law and in ecclesiastical courts means the original summons by which a defendant

is notified to appear and answer in the action, is nowhere used in this sense in our statutes. On the other hand, it is often used to denote interlocutory notices issued during the pendency of a suit or proceeding. Thus, in probate proceedings, a judge may " cite " a person suspected of concealing the estate of a person deceased to appear and answer. Pub. Sts. c. 133, § 1. He may " cite " a person suspected of concealing the estate of a ward; Pub. Sts. c. 139, § 42; or a person suspected of concealing a will. Pub. Sts. c. 127, § 14. Upon the death of a defendant in an action at law, the plaintiff may " take out a citation " requiring the executor to appear and defend. Pub. Sts. c. 165, §§ 7–10, 17. The Court of Insolvency may issue " a citation " requiring a woman against whom a judgment has been rendered to appear and submit to examination as to her property. Pub. Sts. c. 162, § 7. So a citation to creditors is often spoken of in our poor debtor acts. *Taylor* v. *Clarke*, 121 Mass. 319. The statute we are considering may apply to such interlocutory citations or notices, but the word " citation " cannot be held to mean the original summons or process which issues upon a libel for divorce.

The libellant contends that, as the provisions of the Pub. Sts. c. 27, § 117, are identical, word for word, with those of the Pub. Sts. c. 25, § 17, constables have the same authority to serve the order of notice in a divorce suit that sheriffs have. But the authority of sheriffs to serve libels is not derived from this provision of the statute. This is shown by the fact, that, before this statute was passed, and ever since the establishment of our government, they have been recognized and accepted, by the uniform practice of the court, as the proper officers to serve the process issuing upon libels for divorce. As we have before shown, this statute was not intended to confer upon them any new powers as to serving such process. Whether they derive their authority from the statute requiring them to serve all writs and precepts issued to them, or from the common law, or from the uniform action and practice of the court in its discretion, in accepting them as the proper officers to serve the process, is not material, and need not be discussed in this case.

For these reasons, we are of opinion that the libellant had not a right to have her libel served by a constable, and to require

the court to accept his return as *prima facie* evidence of due service. We do not decide that, in an exceptional case, the court has not the power, in its discretion, to accept as sufficient a service made by a constable or a private citizen; but it is not bound to do so, and may properly require a service by a deputy sheriff as a safeguard against the danger of deception and imposition. *Exceptions overruled.*