JAMES G. LOWERY *vs.* JOHN A. CALDWELL & another.

Essex.   Nov. 5, 1884. — March 7, 1885.   FIELD, C. ALLEN, & COLBURN,
JJ., absent.

An action on a poor debtor's recognizance was submitted to the court on agreed
facts, which set forth a notice, in due form, to the judgment creditor, a return
of the officer that he had served an attested copy of the same, and the dis-
charge of the debtor by the magistrate, the creditor not appearing.  The agreed
facts further set forth that the copy served upon the creditor did not state the
time fixed for the examination of the debtor; and concluded with the statement,
that if, upon the foregoing facts, the court was of opinion that there had been
a breach of the recognizance, judgment was to be entered for the plaintiff;
otherwise, for the defendant.  *Held*, that the conclusiveness of the officer's re-
turn was not to be considered as waived by the agreed facts.

CONTRACT upon a poor debtor's recognizance, entered into
under the Pub. Sts. *c.* 162, § 28.  The case was submitted to
the Superior Court, and, after judgment for the defendants, to
this court on appeal, upon agreed facts, which, after stating the
arrest of the debtor, and his entering into the recognizance in
suit, stated that on a certain day the debtor procured from a
master in chancery a notice of his intention to take the oath
for the relief of poor debtors, a copy of which notice, with the
officer's return thereon, was annexed.  The copy of the notice
showed that it was in the usual form, and stated the time and
place for the examination of the debtor.  The return of the
officer stated that at a certain time he " served the within no-
tice, by giving an attested copy thereof " to the attorney of the
judgment creditor.  At the time stated in the notice delivered
to the officer, the debtor appeared before the magistrate, and
was discharged, neither the judgment creditor nor any one in
his behalf appearing.

The agreed facts further stated, that the officer served upon
the attorney for the judgment creditor a notice not stating any
time when the debtor would submit himself for examination.
A copy of this notice was annexed, which showed that the no-
tice stated the day, but not the hour, for the examination of
the debtor.

The agreed facts concluded as follows: " If, upon the fore-
going facts, the court is of opinion that there has been a breach
of the defendants' recognizance, judgment is to be entered for

the plaintiff, as provided by statute; otherwise, judgment is to be entered for the defendants."

*C. Sewall*, for the plaintiff.

*G. M. Hobbs*, for the defendants.

DEVENS, J. The defendant Caldwell, having been arrested upon mesne process, entered into a recognizance under the Pub. Sts. *c.* 162, § 28, that within thirty days from the day of his arrest he would deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof as provided by law, appear at the time fixed for his examination, and not depart without leave of the magistrate, nor make default, but abide the final order of the magistrate thereon. He did take out such notice in proper form, delivered it to an officer competent to serve the same, who has made return of a service thereof which is legal and sufficient. If these were all the facts that appeared, this return would be conclusive between the parties in favor of the defendants, and the remedy of the party injured by such return, if it were actually false, would be against the officer. *Eastman* v. *Perkins*, 10 Cush. 249. *Niles* v. *Hancock*, 3 Met. 568. *Collins* v. *Douglass*, 1 Gray, 167. *Davis* v. *Putnam*, 5 Gray, 321. *Henshaw* v. *Savil*, 114 Mass. 74. *Taylor* v. *Clarke*, 121 Mass. 319. *Stewart* v. *Griswold*, 134 Mass. 391. But a copy of the notice actually delivered by the officer is annexed to the agreed facts, by which it appears that no hour of the day was fixed thereby when the examination would take place.

The plaintiff contends that the agreed facts are to be construed as a waiver by the defendant of the conclusive character of the officer's return, and a submission to the court of the inquiry as to the validity of the notice actually served. If it clearly appeared that it was the intention of the parties to submit the facts to the court irrespective of the officer's return, that would not be regarded. *Boston* v. *Tileston*, 11 Mass. 468. On the other hand, if the parties only agreed to the facts if admissible as against the officer's return, and that was legally conclusive, it would still be treated as such, notwithstanding such agreement. *Niles* v. *Hancock, ubi supra.*

In *Boston* v. *Tileston, ubi supra*, the return of the officer was not made a part of the agreed statement. The question which the parties there submitted was whether certain persons who

had acted as appraisers in the levy of an execution on land were disinterested freeholders, and although the court speaks of the return on the execution as presumably one which described them as such, it does not treat this return as before them. This case is cited with approval in *Commonwealth* v. *Greene*, 13 Allen, 251, and *Wolcott* v. *Ely*, 2 Allen, 338 ; but the latter case is rested upon the ground that an officer could not be allowed to amend his return upon an execution by the addition of certain facts necessary to render his proceedings under the same valid, if other facts were untruly stated therein, and the whole return, if amended so as to conform to the truth, would show that the levy was invalid.

The construction of the agreed facts in the case at bar should be that given in *Collins* v. *Douglass, ubi supra.* In that case the officer, to whom was delivered for service a citation to a creditor to appear at the examination of his debtor, committed to prison on execution, returned thereon that he had served the same by giving an attested copy thereof to the plaintiff's attorney. It was held, in an action on the debtor's bond for the liberty of the prison limits, that this return was conclusive evidence that the copy served purported to be signed by the magistrate who signed the original citation, although, in the statement of facts on which that action was submitted to the court, it was agreed that the copy served purported to be signed by a different magistrate. The submission in *Collins* v. *Douglass* was not limited by any words which made the agreement dependent upon the question whether these facts were admissible as against the return. The argument of the counsel was similar to that here urged, that the copy served purported to be signed and issued by a different magistrate from the one who actually signed and issued the citation, and this fact being admitted by the defendants, the return of the officer on the original citation is not conclusive, to which it was orally replied from the Bench : " Thomas, J. How can you go behind the officer's return ? Shaw, C. J. The copy served, being made a part of the agreed statement, is to be considered ; but the question remains, whether the officer's return can be contradicted by such evidence."

There is certainly force in the suggestion, that, but for the agreed facts, it might be that a party liable to be injured by the

false return of an officer, could have induced or compelled him to amend the same. Parties, therefore, may properly, as in *Boston* v. *Tileston, ubi supra,* submit cases on the facts as they actually exist, irrespective of the return. But the intention so to do should clearly appear, and we do not find it in the case at bar. *Judgment affirmed.*