FRANK LEWIS *vs.* MARY E. NORTON.

Suffolk.   January 8, 1895. — September 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Writ of Entry — Statute — Levy of an Execution by Sale of Land — Constable
— Jurisdiction.*

A constable cannot make a levy of an execution by sale of land where he has no
jurisdiction in the towns where Pub. Sts. c. 172, § 29, require notifications to be
posted up.

WRIT OF ENTRY, to obtain possession of a parcel of land in the
city of Boston.   The case was submitted to the Superior Court,
and, after judgment for the tenant, to this court, on appeal, upon
agreed facts, the nature of which appears in the opinion and in
the opinion in the former case, reported 159 Mass. 432.

The case was argued at the bar in January, 1895, and after-
wards was submitted on the briefs to all the judges.

*L. M. Child*, for the demandant.

*C. H. Sprague*, for the tenant.

KNOWLTON, J.   The principal question argued before us was
considered and decided in *Lewis* v. *Norton*, 159 Mass. 432, and
a majority of the court are of opinion that there is no good
reason for changing the decision then announced.

For more than two hundred years constables have been
elected by the towns of this Commonwealth, and have been
regarded as town or city officers.   Prov. St. 1692–93, c. 28, § 4;
1 Prov. Laws, (State ed.) 65.   *Leavitt* v. *Leavitt*, 135 Mass. 191.
Except in a few cases, for which special provisions are made by
the statutes, they can do nothing officially outside of the cities or
towns in which they are elected.   Pub. Sts. c. 27, §§ 113, 114, 122.
*Leavitt* v. *Leavitt*, *ubi supra*.   The special provisions of the stat-
utes do not include authority to act in making a sale of land upon
an execution.   Pub. Sts. c. 27, §§ 121, 122; c. 154, § 31; c. 155,
§ 44; c. 161, § 41; c. 170, §§ 12, 22.   St. 1885, c. 289.

An attempt of a constable to do anything without express
authority from a statute in the service of a writ or execution,
outside of the city or town for which he is elected, is like a

similar attempt of a deputy sheriff to serve a writ outside of the county for which he has a commission; it is wholly void. See *Lee* v. *Wells*, 15 Gray, 459.

The constable who made the levy in the present case had no jurisdiction, in any city or town adjoining Boston, to post or cause to be posted notifications of the sale under his levy, as required by the statute, and his levy and sale were ineffectual to pass a title to the real estate. A constable can serve civil process under the Pub. Sts. c. 27, § 114, in personal actions where the damages are laid at a sum not exceeding three hundred dollars, provided that the particular service which he attempts can be completed " within his town "; but if an indivisible official act of service requires action outside of the city or town for which he is elected, it must be done by an officer of more extensive jurisdiction. *Judgment for the tenant.*