THOMAS F. JOYCE *vs.* CHARLES H. R. THOMPSON, administrator.

Essex. March 11, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Error, Writ of. Supreme Judicial Court. Jurisdiction. Rules of Court.* ' *Practice, Civil,* Service of process.

A voluntary appearance and a plea *in nullo est erratum* by the defendant in a writ of error, without any objection to the jurisdiction, nearly a year after the entry of the petition for the writ, confers jurisdiction of the subject matter and of the person of the defendant upon this court, although, after the writ was served upon the court to which it was directed and the record of the judgment sought to be reversed had been returned, no writ of scire facias to the defendant was issued.

A judgment in an action of contract is not subject to reversal upon a writ of error merely because the officer's return upon the writ states that, after making a nominal attachment, he left the summons "at his [the defendant's] last and usual place of abode," without adding the words "known to me to be such," the only reasonable interpretation of such a return being that the officer knew the facts to be as averred in his return, which showed a compliance with the requirements of R. L. c. 167, § 31.

WRIT OF ERROR, issued September 29, 1917, to the Chief Justice of the Superior Court upon the petition of the defendant in an action of contract begun on June 15, 1895, upon three promissory notes.

The assignments of error. and the proceedings upon the writ are described in the opinion.

The case was submitted on briefs.

*M. A. Cregg & H. A. Cregg,* for the plaintiff in error.

*S. H. Hollis,* for the defendant.

BRALEY, J.  By Common Law Rule 32 of the Supreme Judicial Court the plaintiff before taking out a writ of error is required to file the assignment of errors in the clerk's office, a copy of which shall be inserted in the scire facias to be served on the defendant, and to which he is to plead within ten days after the return day unless the court shall by special order restrict or enlarge the time. While the record fails to show that a writ of scire facias issued, and the defendant's plea was filed nearly a year after the entry of the petition, without any order of the court or consent of counsel for the plaintiff, the voluntary appearance by the defendant without objection is sufficient to confer jurisdiction.

We find no assignment of error of fact, and the defendant by his plea *in nullo est erratum* admits that while the assignments of errors of law are true on the record, they are insufficient to reverse the judgment. *Perkins* v. *Bangs,* 206 Mass. 408. The question thus presented is one of law within the exclusive jurisdiction of the full court, and not of the court when held by a single justice. *Conto* v. *Silvia,* 170 Mass. 152.

The eight assignments are in legal intendment only different statements of the ground for reversal, that the service on the plaintiff of the writ in the original action was insufficient to give the trial court jurisdiction. The Pub. Sts. c. 161, § 31, in force when the service was made, provides, that "If the summons is not served personally on the defendant, the original or a copy, as the case may be, shall be left at his last and usual place of abode, if he has any within the Commonwealth known to the officer; and if he has none, it shall be left with his tenant, agent, or attorney, if he has any within the Commonwealth. . . ."

The form of the return is left to the officer serving process. The only requirement is, that to be valid it must show substantial compliance with the statute. The writ described the defendant as a resident of Lynn, and the officer's return states that after making a nominal attachment he left the summons "at his last and usual place of abode." If the words "known to me as such in said Lynn" had been added the present case would be governed by *Jones* v. *Walker,* 15 Gray, 353, where the judgment was affirmed. But these words are a mere amplification. The only reasonable construction is, that the officer knew the facts to be as averred, and, as the defendant's abode on the record was at the time in this Commonwealth, the return is to be read as unequivocally meaning the last and usual place of abode of the defendant in this Commonwealth known to the officer. And when so read it is sufficient to support the judgment. *Smith* v. *Randall,* 1 Allen, 456. *Graves* v. *Cushman,* 131 Mass. 359.

*Judgment affirmed.*