UNITED DRUG COMPANY *vs.* CORDLEY AND HAYES.

Suffolk.    March 25, 1921. — July 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Report, Appeal, Service of process, Motion to dismiss.   *Evidence,* Presumptions and burden of proof.

An order made by a judge of the Superior Court denying a motion to dismiss, which has not been reserved by that judge for report to this court, cannot be brought before this court for determination upon a report of another judge who subsequently heard and granted another motion to dismiss based on the same grounds.

The propriety of an interlocutory order denying a motion to dismiss an action at law cannot be brought before this court by appeal until final judgment in the trial court.

An officer to whom was delivered for service a writ issuing from the Superior Court against a foreign corporation, in which was an allegation that the corporation had a usual place of business in a city in this Commonwealth, made a return reciting that, having made a nominal attachment of property of the defendant, he " summoned it to appear  and  answer in court . . . by delivering in hand to C, as its agent, a summons, together with an attested copy of this writ." The defendant, appearing specially, filed a motion to dismiss the action because no sufficient service had been made on the defendant, it not appearing from the return that C was at the time of such service the agent or other officer of the defendant in charge of its business.   Upon a hearing of the motion, a judge of the Superior Court  denied it and under R. L. c. 170, § 6, the action was continued until notice should be given in such manner as the court might order.  About eleven months later, it appearing that the plaintiff was unable to make any further or different service, the defendant, calling attention to the previous order, waived a plea in abatement which it had filed and again moved that the action be dismissed on the same ground.  The plaintiff offered evidence tending to show that, at the time of the service of the writ, C was an agent of the defendant in charge of its business.   The evidence was excluded, the motion was allowed and the rulings were reported to this court for determination.   *Held,* that

    (1) The service was insufficient;

    (2) The second motion to dismiss properly was before the court;

    (3) The motion to dismiss raised the question, whether, upon the face of the writ and the officer's return, there had been no legal service;

    (4) The general rule in this Commonwealth without exception is, that as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of a return by him;

    (5) Parol evidence was not admissible to show that the person upon whom service was made was an agent of the defendant in charge of its business;

    (6) The order granting the motion to dismiss was affirmed.

CONTRACT by a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a usual place of business in Boston, against Cordley and Hayes, described

in the writ as being a corporation organized and existing under the laws of the State of New York and having a usual place of business in Boston.   Writ dated January 8, 1918.

The return of the officer is described in the opinion.   The defendant, appearing specially, filed a motion to dismiss the action "because no sufficient service of the plaintiff's writ has been made on said defendant, since it does not appear from the return on said writ that C. S. Coit, upon whom said writ is said to have been served, was at the time of such service the agent or other officer of the said defendant in charge of its business."   The motion was heard by *Jenney*, J., and on February 20, 1919, he ruled that the officer's return was not sufficient, that "however, from the recitals of the writ, which upon motion to dismiss must be taken as true, . . . the court has jurisdiction of the parties.   St. 1913, c. 257 . . . Inasmuch as the court has jurisdiction of the parties, I think that the case comes within the province of R. L. c. 170, § 6, and that the action was properly entered and properly before the court at the time of the filing of the motion to dismiss, inasmuch as under the statute last cited, the court is authorized to order the action to be continued until notice is given in such manner as it may order."   He therefore denied the motion to dismiss.   From that order the defendant claimed an appeal.

The action on February 1, 1921, came on before *McLaughlin,* J., for hearing on a plea in abatement which, subject to his motion to dismiss, the defendant had filed.   Counsel for the defendant, calling the judge's attention to the previous order, stated that, no further service of the writ having been made, he was prepared to waive the plea in abatement.   Counsel for the plaintiff then stated that at that time the plaintiff was unable to make any further personal service on the defendant, and that he desired no further continuance or delay for the purpose of attempting to make such service, and that he could show that at the time of the service of the plaintiff's writ the defendant corporation had a usual place of business in Boston and that C. S. Coit, "upon whom service had been made as shown by the officer's return," was in fact the agent in charge of the defendant's place of business.   These facts counsel for the plaintiff offered to show, but the judge ruled that he had no right to receive such evidence.

The defendant then waived its plea in abatement and filed

another motion to dismiss "because no sufficient service of the plaintiff has been made on said defendant, since it does not appear from the return on said writ that C. S. Coit, upon whom said writ is said to have been served, was at the time 'of such service the agent or other officer of the said defendant in charge of its business, and because no further service has been made by the plaintiff since the order of February 20, 1919, on defendant's motion to dismiss, and because it is stated by counsel for the plaintiff in open court that no further service can be made."

This motion to dismiss was allowed, and, the judge being of the opinion that the ruling and order made by him ought to be determined by this court before any further proceedings in the trial court, reported the action to this court, his report further reciting that, "both counsel being desirous of having all questions arising in connection with these motions finally decided, and an appeal having been taken by the defendant from the order of *Jenney*, J., overruling the original motion to dismiss, at the request of both parties I also report, if I have the right to do so, said order of *Jenney*, J., and the appeal therefrom."

*R. L. Mapplebeck*, for the plaintiff.

*A. MacLeish*, for the defendant.

BRALEY, J. The order on the first motion to dismiss was interlocutory, and, whether the question should be reported to this court before further proceedings were taken, was discretionary. R. L. c. 173, § 105, as amended. G. L. c. 231, § 111. And there being no statement in the record that the judge had reserved the case for report, the order he made cannot be revised under the report of the judge who subsequently heard and decided the second motion. *Walters* v. *Jackson & Newton Co.* 231 Mass. 247. The defendant's appeal also cannot be considered, because there has been no final judgment in the trial court. *Ames* v. *Winsor*, 19 Pick. 247. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 546. The action is in contract, and, from the recitals in the record which for the purposes of our decision must be taken as true, it appears, that the plaintiff is a corporation chartered under the laws of this Commonwealth, while the defendant is described as a corporation organized and existing under the law of the State of New York, "and having a usual place of business in Boston, within our County of Suffolk." *Reynolds* v. *Missouri, Kansas & Texas*

*Railway,* 224 Mass. 379. The officer's return in so far as material reads as follows: " By virtue of this writ I this day attached a chip as the property of the within named defendant corporation, Cordley & Hayes, and afterwards on the same day, summoned it to appear and answer in court as within directed, by delivering in hand to C. S. Coit, as its agent, a summons, together with an attested copy of this writ." The construction of this return is that the officer knew the fact to be as averred, that Coit was the defendant's agent. *Joyce* v. *Thompson,* 230 Mass. 254, 255. The defendant, appearing specially, filed a motion to dismiss because it did not appear that Coit "was at the time of such service the agent or other officer of the said defendant in charge of its business," and also filed a plea in abatement.

The service plainly was insufficient, and the question could be raised by a motion to dismiss. *Lowrie* v. *Castle,* 198 Mass. 82, 87. R. L. c. 167, § 36. St. 1907, c. 332. St. 1913, c. 257. But, even if the ruling that R. L. c. 170, § 6, was applicable and authorized the court to continue the action until notice was given in such form as might be ordered, is not reviewable, it was the law of the case at the hearing on the plea in abatement two years later before another judge of the trial court. *Boyd* v. *Taylor,* 207 Mass. 335. *McManus* v. *Thing,* 208 Mass. 55. The attention of the judge having been called to the memorandum and decision of his former associate, and the defendant having waived his plea, counsel " for the plaintiff stated, that at this time the plaintiff was unable to make any further personal service on the defendant," and that he " desired no further continuance or delay for the purpose of attempting to make such service," but would show that at the time of the service of the writ, " the defendant corporation had a usual place of business in Boston and that C. S. Coit, upon whom service had been made as shown by the officer's return, was in fact the agent in charge of the defendant's place of business." The case therefore was on the same footing as when the question of jurisdiction was first mooted, except that the plaintiff, which apparently never had obtained process for further service, renounced all rights under the order denying the first motion, and took the position that it was remediless under R. L. c. 170, § 6, as further service could not be made. The defendant thereupon filed a second motion to dismiss based on the same grounds as the

first motion. This motion was properly before the court. *Ames* v. *Winsor,* 19 Pick. 247. *Santom* v. *Ballard,* 133 Mass. 464.

It resulted from the plaintiff's unequivocal action, voluntarily taken, that, unless the officer's return could be amended by striking out the word "as" and by inserting the words "in charge of its business" so that the return would read "by delivering in hand to C. S. Coit, its agent, in charge of its business, a summons, together with an attested copy of this writ," the action would have to be dismissed. R. L. c. 167, § 36. St. 1907, c. 332, § 1. St. 1913, c. 257, now G. L. c. 223, § 38. *Lowrie* v. *Castle,* 198 Mass. 82, 87. *Joyce* v. *Thompson,* 230 Mass. 254, 255. The incomplete return undoubtedly could have been amended with the permission of the court by the officer certifying this essential and omitted fact if it were known to him to be true. *Tilden* v. *Johnson,* 6 Cush. 354. *Park* v. *Johnston,* 7 Cush. 265. *Shepherd* v. *Jackson,* 16 Gray, 599, 600. *Smith* v. *Randall,* 1 Allen, 456. *Lord* v. *Skinner,* 9 Allen, 376. *Safford* v. *Clark,* 105 Mass. 389, 390. If this had appeared originally the defendant could show only by plea in abatement, or by writ of error if judgment had been obtained by default, that it had no place of business in this Commonwealth, or if it had a place of business, that Coit was not in charge thereof as its agent. *Stevens* v. *Ewer,* 2 Met. 74. *Tilden* v. *Johnson,* 6 Cush. 354, 359. *Porter* v. *Prince,* 188 Mass. 80. A defendant also if a non-resident and not served personally with process within the Commonwealth is not obliged to resort to a writ of error, but if sued upon a domestic judgment may impeach it by plea and proof. *Needham* v. *Thayer,* 147 Mass. 536. So a writ of review "is a proper remedy to correct an error in a judgment, when the statute has been complied with by causing the writ to be properly served, but through some mistake or accident the defendant has not had notice of the action." *Johnson* v. *Thaxter,* 12 Gray, 198, 200. A motion to dismiss, however, lies solely on the ground that upon the face of the writ and the officer's return there has been no legal service. *Brown* v. *Webber,* 6 Cush. 560, 569. *Haynes* v. *Saunders,* 11 Cush. 537. *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123, 125.

The plaintiff accordingly contends that extrinsic evidence can be introduced on which the judge would be warranted in finding the omitted fact, and if he so found, the motion to dismiss would

have to be denied for the court had jurisdiction to hear and determine the case on the merits. The judge rightly declined to admit the evidence. It was said in *Wellington* v. *Gale,* 13 Mass. 483, 489, a writ of entry, where the question of an incomplete return was discussed, "we are satisfied that no parol evidence could be properly admitted in lieu of the return of the officer." In *M'Gregor* v. *Brown,* 5 Pick. 170, 174, where the question whether land set off on execution was the same land which had been attached on the original writ, and parol evidence was admitted to show identity, the court say, "We see no valid objection to the admission of the parol evidence. It . . . was introduced to show that the land levied on under one description was the same as that which had been attached under a different description." It also may be shown that a notice to quit was served after instead of before noon of the day of service named in the return. *Wardell* v. *Etter,* 143 Mass. 19, 20. The return in these cases was complete. No jurisdictional fact is omitted. The writ commanded the sheriff or his deputy to summon the defendant corporation in accordance with the statute. If this could not be done the officer should have returned the writ into the clerk's office certifying that he was unable to make such service. It must be assumed that the officer performed his duty and obeyed the order of the court as far as possible. If in his judgment the circumstances warranted only partial compliance with the form of service required, and it was impossible for him to say more, parol evidence cannot supply what the officer in some form of words must certify in order to make the service complete. The mode of procedure now relied on does not appear to have been sanctioned in any of our own cases. The general rule in this Commonwealth without exception is, that as between the parties, and their privies, the return of the officer is conclusive as to all matters which are properly the subject of a return by him. *Slayton* v. *Chester,* 4 Mass. 478. *Tilden* v. *Johnson,* 6 Cush. 354, 358. *Eastman* v. *Perkins,* 10 Cush. 249. *Niles* v. *Hancock,* 3 Met. 568. *Collins* v. *Douglass,* 1 Gray, 167. *Davis* v. *Putnam,* 5 Gray, 321. *Taylor* v. *Clarke,* 121 Mass. 319. *Stewart* v. *Griswold,* 134 Mass. 391. *Lowery* v. *Caldwell,* 139 Mass. 88, 89. *Simmons* v. *Richards,* 171 Mass. 281, 283. The plaintiff urges that *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, supports its position. But in that case, which

was a bill in equity under R. L. c. 159, § 3, cl. 7, " by the trustee process, " the defendant, a foreign corporation, appeared specially and filed a plea to the jurisdiction alleging that the service of process upon it "was not due process of law . . . according to either the Constitution of this Commonwealth or the Constitution of the United States." The plea was a plea in abatement. *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, 552, 554, 555, 556. *Kimball* v. *Sweet,* 168 Mass. 105. While evidence on the issue raised by the plea was introduced, and the trial court found that the defendant was transacting business within this Commonwealth and that the person served with process was an agent upon whom proper process would be effectual, the question whether on a motion to dismiss the plaintiff can supply by extrinsic evidence essential facts omitted in an officer's return was not raised. The opinion says, "The precise point to be decided is whether the defendant railway company was 'engaged in or soliciting business in this Commonwealth' within the meaning of the pertinent statute. The question involved is a federal one upon which the decisions of the United States Supreme Court are controlling." It was held that under St. 1913, c. 257, a foreign corporation "which is engaged in or soliciting business in this Commonwealth" could be lawfully served with process in the same manner as service upon a domestic corporation. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 228 Mass. 584. The attachment in the present case was only nominal, and the court for the reasons stated could not obtain jurisdiction to enter a personal judgment until the defendant had been duly summoned under the governing statute. *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557, 562, and cases cited. *Koontz* v. *Baltimore & Ohio Railroad,* 220 Mass. 285.

It follows that the order allowing the motion to dismiss should be affirmed.

*So ordered.*