STATE *vs.* NATHAN L. BROWN.

JUNE 10, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.   After trial in the Superior Court a jury found defendant guilty of murder in the first degree in causing the death of Sergeant William A. Flynn of the Providence Police Department.   The case is now before this court on defendant's exceptions.

The uncontroverted facts appearing in the record are that February 11, 1928, Sergeant Flynn accompanied by Patrolmen O'Brien and McCormick went into a house on Booth street occupied by defendant to serve a search warrant commanding the search of the house for intoxicating liquors. The officers were admitted by defendant's wife.   Defendant was upstairs in his bedroom.   Officer O'Brien went into the kitchen on the first floor and found two men there.   The other two officers went upstairs and found a jug of liquor in defendant's bedroom.   The officers then went down the stairs with the jug into the kitchen.   Officers Flynn and O'Brien were at a table writing receipts for the seized liquor with their backs to the stairs when defendant appeared at the kitchen doorway at the foot of the stairs.   Defendant fired five shots from a 38 calibre revolver at the officers. One of the bullets entered the left rear side of Sergeant Flynn above the pelvic bone and another bullet entered the left side and abdomen of Officer O'Brien.   Officer Mc-Cormick fired two shots from his 32 calibre revolver at

defendant without effect as he turned and ran up the stairs. The wounded officers died the next day as a result of their wounds. Defendant was arrested in his house soon after the shooting. He said he had thrown his revolver and some cartridges into a chimney in his house. The revolver was found in the chimney and produced at the trial. Defendant testified that he drank some "moonshine" that afternoon and went to bed; that two men came and searched his room; that one of the men took a jug and walked down the stairs; that he went to his drawer and took his gun and walked down the stairs and saw the two men standing in the kitchen; that he told them to put the jug down; that a shot was fired at him and he became frightened and fired five shots into the kitchen and turned and ran up the stairs; that he reloaded his gun and threw it and some cartridges into a chimney.

After defendant was arrested he answered a series of questions asked by a police inspector. The questions and answers were reduced to typewriting and signed and sworn to by defendant. This typewritten statement is in the nature of a confession by defendant. The statement was admitted in evidence over the objection of defendant and his exception was noted. Defendant now contends that the alleged confession was not such a free and voluntary statement on his part as to be admissible against him. Before admitting the statement, the trial justice, in the absence of the jury, heard the testimony of six witnesses to the effect that defendant's answers to the questions were freely and voluntarily made. The witnesses were subjected to cross-examination by defendant's counsel. Defendant refused to introduce testimony to rebut this testimony. The trial justice ruled that it was his duty to submit the statement to the jury, with proper instructions, after all the witnesses who had testified before him had testified before the jury. The witnesses were called and testified before the jury and were cross-examined and the statement was then admitted in evidence and read to the jury. Defendant

testified as to the conditions under which he answered the questions in the statement and admitted the correctness of many of his answers and denied or explained other answers. The trial justice instructed the jury that it was for them to decide whether any threats, promises or inducements were made to defendant to make him answer the questions or sign the statement and, if they found this to be so, they were not to consider the statement but, if they found that his answers were freely made, they might consider such answers as they found to be true. No exception was taken to this portion of the charge. The statement was admissible in evidence and defendant's exception thereto is overruled.

Another exception urged by defendant was to the admission of the search warrant in evidence. Defendant's claim is that as the warrant was directed to a constable it could not be served by a police constable. This claim is untenable. Sergeant Flynn was a police constable. Sec. 4, Chap. 930, P. L. 1901, provides, among other things, that all police officers shall have . . . "all the common law and statutory powers of constables, except the power to serve civil process" . . · . . A warrant commanding constables to search for liquors is not a civil process. At common law a constable could serve any process excepting civil process. *Leavitt* v. *Leavitt*, 135 Mass. 191. The warrant was admissible to prove that Sergeant Flynn was lawfully in the house of defendant. The exception is overruled.

Defendant also urges his exception to the decision of the trial justice denying his motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence. The case was submitted to the jury by a charge to which no exception was taken. In denying the motion for new trial the trial justice wrote a lengthy rescript in which he analyzed the testimony and concluded by saying that in his opinion the verdict was not against the law and was amply sustained by the evidence. We have read and considered the testimony and find no error in the decision

of the trial justice in denying defendant's motion for a new trial. *State* v. *Badnelley*, 32 R. I. 378.

Several exceptions to the admission of testimony were not briefed or argued and are considered waived. The other exceptions which were briefed or argued have been considered and found to be without merit.

Defendant's exceptions are all overruled and the case is remitted to the Superior Court for further proceedings.

*Charles P. Sisson, Atty.-Gen., Sigmund W. Fischer, Fourth Asst. Atty.-Gen.,* for State.

*John B. Edwards, Joseph G. LeCount, James M. Stockett, Jr.,* for defendant.