UNION SAVINGS BANK OF BOSTON *vs.* FRANK L. CAMERON.

Suffolk.    February 6, 1946. — February 28, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Writ.    *Evidence,* Competency.

The general rule of law in this Commonwealth, that, as between the parties and their privies, the return of an officer upon a writ is conclusive as to all matters which are properly the subject of the return, was not applicable to exclude testimony that an original writ sent to an officer for service was lost after service and that the officer's return was made upon a substitute writ made out without leave of court.

Only by leave of court can a new writ be substituted for one lost after it was issued and served. Per SPALDING, J.

A court may permit the contents of a lost writ to be proved by secondary evidence. Per SPALDING, J.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated April 17, 1944.

The case was heard upon an answer in abatement by *Gillen,* J.

*W. R. Morris,* (*E. M. Joyce* with him,) for the plaintiff.

*J. Wiggin & F. W. Campbell,* for the defendant, submitted a brief.

SPALDING, J.    This action of contract was commenced by a trustee writ. The defendant, appearing specially, filed an answer in abatement in which he alleged that the writ that was served upon him and the trustees named therein was lost; that the writ that was entered in court was not the original but was one which had been substituted without permission of the court immediately before the entry thereof; and that this substituted writ was wholly void. The trial judge, after hearing, sustained the answer in abatement and ordered the action abated. From an order of the Appellate Division dismissing a report the plaintiff appealed.

At the hearing on the answer in abatement the trial judge admitted in evidence, without objection, the document

which purported to be the original writ with the officers' returns of service indorsed thereon. This was a trustee writ of the Municipal Court of the City of Boston in the usual form under the seal of the court. The judge then allowed a deputy sheriff, called by the defendant, to testify that the original writ which had been served on the trustees had been lost before the return day, and that after informing the plaintiff's attorney of this fact he made out a new writ on which he indorsed his return of service as though it were the original and returned this to court on the return day. This evidence was objected to by the plaintiff, and upon the overruling of the objection the plaintiff claimed a report on the correctness of the ruling. The judge found the facts to be in accordance with the testimony of the deputy sheriff. The underlying question for decision is whether this evidence was admissible; if it was, then, as the report states, "there was sufficient evidence to warrant the findings of fact of the trial judge."

The plaintiff contends that the judge in admitting this evidence was in effect permitting the officer's return to be controverted. It is undoubtedly true, as the plaintiff argues, that the general rule in this Commonwealth is that, as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return. *Slayton* v. *Chester,* 4 Mass. 478. *Simmons* v. *Richards,* 171 Mass. 281, 283. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, 338. Compare *Brewer* v. *Holmes,* 1 Met. 288; *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194. If the return is false, the remedy of the party injured is against the officer. *Slayton* v. *Chester,* 4 Mass. 478, 479. *Davis* v. *Putnam,* 5 Gray, 321, 328. *Lowery* v. *Caldwell,* 139 Mass. 88, 89.

But these principles become applicable, we think, only where proper process has issued and it has been returned to court as the law requires. To say, as the plaintiff does, that the officer's return on the document here is conclusive is to reason in a circle. It amounts to saying that the writ is good because the officer's return is conclusive and the officer's return is conclusive because the writ is good. We

know of no case where the rule as to the conclusiveness of the officer's return has been applied to a document which was not the writ by which the action was commenced and which, as here, was substituted without leave of court.

It has been held that after a writ is issued and served the parties have no right to alter it without leave of court. *Simeon* v. *Cramm*, 121 Mass. 492, 493. *Ferguson & Co. Inc.* v. *Melillo*, 266 Mass. 197, 198–199. It would seem to follow that, where a writ has been lost after it has been served, a new writ can be substituted only with the court's permission. This was the procedure that was followed in *Sturtevant* v. *Robinson*, 18 Pick. 175, 178–179, where it was held that the lower court "properly allowed the motion of the plaintiff's attorney, to supply the loss of the original writ." And this appears to be the practice in other jurisdictions where this question has arisen. *York & Cumberland Railroad* v. *Myers*, 18 How. 246, 253. *Whitcher* v. *Whitcher*, 10 N. H. 440. *Smith* v. *Tallman*, 87 N. H. 176. *Long* v. *Sutter*, 67 Ill. 185. *Rardin* v. *Rardin*, 271 Ill. 216, 219. *Gentry* v. *Hutchcraft*, 7 T. B. Mon. 241. *Galbraith* v. *McFarland*, 3 Coldw. 267, 277. We have no doubt that where a writ has been lost the court has the authority to permit its contents to be established by secondary evidence as in the case of other lost documents. *Sturtevant* v. *Robinson*, 18 Pick. 175, 179. *Eaton* v. *Hall*, 5 Met. 287, 290–291. In the case last cited it was said by Shaw, C.J., "It appears to us, that the consideration, that a particular written document constitutes the basis of the jurisdiction of a court, does not essentially vary the rule in regard to secondary evidence, though it may require more care and vigilance in its application. It is the fact, that a rule was entered into, and authenticated by the act of the magistrate, pursuant to the statute, with an award made upon it, which gives the court jurisdiction. The ordinary proof of this fact is the production of the rule. But we see no reason to take this out of the operation of the rule, which dispenses with the original, and allows of secondary evidence, on proof of its loss" (pages 290–291). In *Mussina* v. *Cavazos*, 6 Wall. 355, the court, speaking through Miller, J.,

said at page 360, "it is believed to be well settled, that rights acquired under a valid writ or process, while it was in force, cannot be defeated by the loss or destruction of the writ; if its existence, and the acts done under it, can be substantiated by other testimony."

But it is one thing to establish the contents of a lost writ to the satisfaction of the court and quite another to substitute other process, as was done here, without judicial sanction. A writ, although easily obtainable, is more than a mere piece of paper. It must conform to requirements provided by law. Constitution, Part II, c. 6, art. 5. G. L. (Ter. Ed.) c. 223, § 16. When it issues out and is delivered to an officer with a bona fide intent to have it served on the defendant, the action is commenced. *Rosenblatt* v. *Foley*, 252 Mass. 188, 190. *Parker* v. *Rich*, 297 Mass. 111, 113, and cases cited. See G. L. (Ter. Ed.) c. 223, § 16. It is the foundation of the action and is the process by which the defendant is brought into court. *Eaton* v. *Walker*, 244 Mass. 23, 30.

It therefore follows that the judge did not err in admitting the evidence objected to and in abating the action. What has been said disposes of the questions raised by the plaintiff's requests for rulings and they need not be separately discussed; the action of the judge with respect to them reveals no error of law.

*Order dismissing report affirmed.*