*Northern District*

No. 5095

**GARDEN HOMES, INC.**

**v.**

**NORMAN B. MASON, as he is**

**Commissioner of F. H. A.**

(April 16, 1957)

*Brooks, J.* This case comes to the Appellate Division on an appeal from the denial by the judge of the District Court of Somerville of a motion by

plaintiff to restore the case to the active list of that court. In order to afford plaintiff opportunity of review of his decision, the judge has voluntarily reported the case.

The action was instituted in the District Court of Somerville by writ dated August 9, 1955. On or about August 15, 1955, a deputy sheriff of Middlesex County left under the door of the house owned by Norman B. Mason in Chelmsford a summons and an attested copy of the writ. On the writ of the deputy sheriff it stated that these papers were left at his last and usual place of abode, to wit: "4 Delwood Rd., Chelmsford." No other service or process was made or attempted in this action.

On or about September 29, 1955, the copy of plaintiff's declaration was delivered to the U. S. Attorney for the District of Massachusetts, who thereafter on October 10, 1955, filed the defendant's petition for removal to the U.S. District Court with the clerk of that court. Plaintiff filed with that court a motion to strike the petition for removal, a claim for jury trial and a motion to remand. Defendant filed a motion to dismiss on the grounds of insufficiency of process and insufficiency of service of process. The U.S. District Court allowed defendant's motion to dismiss on the ground that service of process was ineffective and on January 6, 1956, entered the order from which appeal was taken to the U.S. Court of Appeals. The Court of Appeals upheld the U.S. District Court's allowance of defendant's motion to dismiss whereupon plaintiff filed the motion now before us to restore the case to the active list of the District Court of Somerville.

1. The main point at issue in the U.S. Court of Appeals was whether the U.S. District Court's dismissal of plaintiff's action on the ground of insufficiency of service was proper. The Court of Appeals held that the service was insufficient because the summons and attested copy of the writ was left

under the door of Norman B. Mason's residence in Chelmsford, Mass., with the notation that it was left at his "last and usual place of abode." Such a writ would be appropriate for an individual, G. L., c. 223, s. 31, but not where defendant is sued, not as an individual but in his official capacity as Commissioner of Federal Housing Administration.

Defendant is a Federal agency located in Washington and therefore for the purposes of service of process in Massachusetts is a foreign corporation. *Seven Oaks, Inc. v. Federal Housing Administration,* 171 F 2nd 947. *Sarner v. Mason,* 228 F 2nd 176. In such a case under Massachusetts law service must be personal on an officer or agent of the corporation. G. L. c. 223, s. 37, 38. See *United Drug Co. v. Cordley & Hayes,* 239 Mass. 334. *Atlantic National Bank v. Hupp Motor Car Corp.,* 298 Mass. 200.

We agree with the conclusion of the Court of Appeals that service was insufficient so far as the action in the District Court of Somerville was concerned, wherefore that court had no jurisdiction and derivatively the Federal Court lacked jurisdiction.

2.    The Court of Appeals also held that the case was properly removed to Federal jurisdiction since it was a civil action against "an officer of the United States or any agency thereof" for an "act under color of such office." 28 U.S.C. Sections 1442 (a) 1446 (d). See *James River Apartments, Inc. v. Federal Housing Administration,* 136 F.S. 24.

3.    Where a case is removed from a state to a Federal Court "the state court shall proceed no further unless and until the case is remanded." 28 U.S.C. §1446 (e).

This case having been removed to the Federal Court and no appeal having been taken from the decision of the Court of Appeals on the propriety of the removal, the case is no longer in the District Court of Somerville. It is difficult to imagine on what basis it could be remanded to that court and

if it were, the District Court of Somerville would be bound by the decision of the Federal Court. *Chesapeake & Ohio Railway Co. v. McCabe Adm.*, 213 U.S. 207, 219, 220. Having no jurisdiction of the case, the judge of the District Court of Somerville rightly denied plaintiff's motion to restore the case to the active list.

For the same reason, plaintiff's motion to file with the District Court of Somerville certified copies of the Record of the Court of Appeals is herewith denied.

Report dismissed.

A. M. MacNeil, for the Plaintiff.
Charles Y. Barrett, for the Defendant.