274

PUBLIX FOOD MARKET, Inc., et al.

v.

Wilson BITAR and Donald L. Mendel
Partners d/b/a Prudential Premi-
um Co.

Civ. A. No. 57–840.

United States District Court
D. Massachusetts.

Nov. 7, 1957.

Cohn, Riemer & Pollack, Jerome Medalie, Boston, Mass., Peabody; Brown, Rowley & Storey, Joseph T. Fahy, Boston, Mass., for plaintiff.

Edward H. Stevens, Brockton, Mass., for defendant.

ALDRICH, District Judge.

This is a diversity action against two partners, residents of California. The plaintiffs are Massachusetts corporations. The amended complaint alleges that the parties entered into a contract—it is not alleged where—and that defendants broke it. The defendants move to quash service. Service was made both upon the Secretary of the Commonwealth, in reliance upon Massachusetts G.L.(Ter.Ed.1932) Ch. 227, § 5, and, in Springfield, Massachusetts on one Riggs. Since there is another clear ground, I disregard the § 5 service because of possible uncertainty whether the defendants were doing business in the Commonwealth at the time of the service, or that the action arose out of Massachusetts business. The marshal's return states that Riggs was a "general agent for the * * * defendants." In opposition to the motion to quash, plaintiffs filed affidavits. Defendants filed none, and offered no testimony, although the hearing was continued, in view of certain statements of counsel, to permit them to do so.

On the record, the marshal's return must be accepted.

There appears to be no case in this circuit resolving the question as to whether state, Woods v. Zellers, D.C.E.D. Pa., 9 F.R.D. 6, or federal, Hicklin v. Edwards, 8 Cir., 226 F.2d 410, law determines the effect to be given to the recitation in the officer's return. If state, I could not follow the broad rule that the return is "conclusive as to all matters which are properly the subject of the return." Union Savings Bank v. Cameron, 319 Mass. 235, 236, 65 N.E.2d 313, 314. Indeed, it is not entirely clear what that statement means. Cf. Bay State Wholesale Drug Co. v. Whitman, 280 Mass. 188, 182 N.E. 361; United Drug Co. v. Cordley & Hayes, 239 Mass. 334, 338, 132 N.E. 56. To apply so severe a doctrine against non-residents would seem lacking in due process. Vaughn v. Love, 324 Pa. 276, 188 A. 299, 107 A.L.R. 1336. I do not believe Massachusetts would do so. It is another matter to say that the officer's return is prima facie correct unless rebutted. Hicklin v. Edwards, supra. The defendants having failed to rebut, the motion to quash is denied. The defendants are given 30 days in which to answer.