**BIRD MACHINE COMPANY, Plaintiff,**

v.

**Roger W. DAY et al., Defendants.**

**Civ. A. No. 69–562.**

United States District Court
D. Massachusetts.

Sept. 10, 1969.

Franklin N. Cunningham, of Warner & Stackpole, Edgar H. Kent, of Fish, Richardson & Neave, Boston, Mass., for plaintiff.

Samuel Hoar, Jr., and Joseph L. Cotter, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action originally commenced in the Norfolk County Superior Court. A petition for removal to this court was filed by the defendant Roger W. Day on May 23, 1969 and by the remaining defendants on June 26, 1969. The matter came before the court on the basis of plaintiff's motion to remand the case to the Superior Court. In connection with this motion an evidentiary hearing was held on June 16, 1969, and thereafter the matter was briefed by the parties. The motion to remand was based on the allegation that complete diversity did not exist between the plaintiff and all parties defendant on the date this action was "commenced" and on the date that it was removed. The stated reason for this alleged lack of diversity is the fact that one of the six individual defendants named in the complaint, Roger W. Day, was a resident of the Commonwealth of Massachusetts on the crucial dates. The plaintiff apparently concedes that the other five defendants are non-residents of Massachusetts.

The petition for removal recites that it is brought pursuant to 28 U.S.C.A. secs. 1441 and 1446. Section 1441(a) makes removable "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C.A. sec. 1332 establishes that a United States District Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between citizens of different states * * *"

In order to decide whether or not this case was properly removed it thus becomes necessary to determine whether or not it "is between citizens of different states," i. e., whether there was complete diversity between the plaintiff and all parties defendant at the time the action was "commenced." Since the action was commenced in the courts of the Commonwealth the law of the Commonwealth of Massachusetts must be resorted to in order to determine when the case was "commenced." In International Paper Co. v. Commonwealth, 232 Mass. 7, at p. 12, 121 N.E. 510, at

p. 512 (1919), relied on by both parties), the Supreme Judicial Court observed:

"An action at law by which the statute of limitations is tolled, although deemed prima facie to have been commenced on the date of the writ, must be served under the law within a comparatively brief time. It is not enough that a writ be filled out and filed in court. That would not be the commencement of an action at law. It must be put in the hands of an officer for service."

Accord Rosenblatt v. Foley, 252 Mass. 188, 190, 147 N.E. 558 (1925); United States v. Saxe, 261 F.2d 316, 320 (1 Cir. 1958); and Hardy v. Green, 277 F.Supp. 958, 962 (D.Mass.1967), where Judge Julian of this court stated:

"For more than a century, however, the Massachusetts law has been that an action is deemed to have commenced on the date a writ of summons is issued and delivered, with a bona fide intent that it be served, to an officer who has authority to make service."

See, also, Parker v. Rich, 297 Mass. 111, 113, 8 N.E.2d 345 (1937); and Union Savings Bank of Boston v. Cameron, 319 Mass. 235, 238, 65 N.E.2d 313 (1946).

■ The affidavit of James J. Riley, Deputy Sheriff, Norfolk County, filed herein, which is uncontroverted, establishes that he received a subpoena and order of notice of a temporary restraining order issued by the Norfolk Superior Court from Franklin N. Cunningham, Esq., counsel for plaintiff, on May 14, 1969. The affidavit further establishes that Sheriff Riley pursuant to instructions from counsel for the plaintiff attempted to serve Roger W. Day at his then home at 11 Taylor Road, Dover, on the very next day, May 15, 1969.

On the basis of this affidavit I find that the instant action was commenced in the Norfolk Superior Court on May 14, 1969, on which date I find that process was delivered to an officer who has authority to make service with a bona fide intent that it be served.

■ The next question to be resolved is: where was the domicile or legal residence of Mr. Day on May 14, 1969? On the basis of his own testimony under oath at the hearing held in this court on June 16, 1969 (Tr. pp. 9–11), I find that prior to May 14, 1969 and, to be more specific, on approximately September 5, 1968, Mr. Day had returned to Massachusetts where he rented a home, at which time he had "no intention of residing in any other place than Eastern Massachusetts," and that consequently he acquired a domicile or legal residence in Massachusetts on September 5, 1968. I further find that Massachusetts continued to be his domicile and legal residence until he actually arrived in Texas on May 18, 1969 in pursuance of his intention to change his domicile thereto. Rummel v. Peters, 314 Mass. 504, 512, 51 N.E.2d 57 (1943). I rule that Day could not and did not obtain a new domicile in Texas until he arrived there on May 18. Shaw v. Shaw, 98 Mass. 158, 160 (1867); Katz v. Katz, 274 Mass. 77, 80, 174 N.E. 202 (1931).

■ It is well settled, of course, that for purposes of 28 U.S.C.A. sec. 1332 a "citizen" of a state is a person who is domiciled there. Kaiser v. Loomis, 391 F.2d 1007 (6 Cir. 1968).

I find and rule that on May 14, 1969, when this case was commenced in Norfolk Superior Court, Roger W. Day was still a domiciliary and legal resident of Massachusetts, that consequently incomplete diversity existed between plaintiff and all parties defendant, and that by reason of said incomplete diversity this case was improperly removed to this court. Therefore, plaintiff's motion to remand must be allowed.

Because of the ruling on the motion to remand I do not deal with the plethora

of other motions contained in the file of this case.

Judgment in accordance with this opinion.