SAMUEL J. ROSS *vs.* EDWARD HARPER.[*]

It is no ground for reversing or modifying a decree enjoining the plaintiff in an action at law, in which he has obtained a verdict, from further prosecuting the same, that it provides that in such action neither party shall recover costs.

In an action at law neither party has a legal claim for costs against the other until after a final judgment.

APPEAL by the defendant in a suit in equity from a final decree of *Colt*, J., "that the injunction heretofore issued in this suit be made perpetual, and that said defendant Harper be and

[*] This case was argued July 1, 1868, before all the judges but WELLS, J.

hereby is perpetually enjoined from prosecuting the suit at law now pending for the recovery of the said plaintiff's law library or any other action at law for the same cause; and said Harper is directed to discontinue the suit now pending as aforesaid; provided that neither party shall be entitled to recover costs in said suit at law against the other. And said defendant is further ordered and decreed to deliver the said law library of the plaintiff to him, free of any charge or incumbrance created by him thereupon. And it is further decreed that in this cause neither party shall have or recover any costs of the other."

*S. J. Ross, pro se.*

*E. Harper, pro se.*

By the Court. This is a simple appeal from a final decree in a suit in equity, without any assignment of reasons of appeal, and without any report of evidence or of facts found by the judge who heard the cause, and made the decree. There is nothing therefore before us except to see whether the decree is justified by the record. We find no error upon the record, and no reason for altering the decree.

The decree enjoins the defendant from further prosecuting a suit at law. The defendant objects that this should not be done, because he has obtained a verdict in the suit at law upon grounds to which there were no legal exceptions. But the very foundation of the suit in equity is, that the plaintiff has equitable rights of which he could not avail himself in defence of an action at law; that the prosecution of the suit at law is inequitable; and that a court of equity should interfere for his protection.

The defendant at the hearing says that he should be content to have the decree affirmed if he could have his costs paid in the action at law. But the judge who heard the case has decided that the suit at law could not be prosecuted consistently with the equitable rights of the plaintiff in this suit, and must have based his decree upon that finding. It follows that the costs which this defendant incurred in the action at law were inequitably incurred, by pursuing the action in violation of the equitable right of the other party.

But an equally strong objection to his claim is this, that there are no costs which the law recognizes as existing, and the basis of a legal claim, by one party in an action at law against another, until there is a final judgment entered thereupon.

*Decree affirmed ; with costs of the appeal for the plaintiff.*