Moses S. P. Pollard, executor, *vs.* William P. Baker.

In an action in which perishable property is attached on mesne process, and sold under the Gen. Sts. *c.* 123, §§ 73 *et seq.*, and the proceeds, less the necessary charges of the sale, are paid to the defendant upon his giving bond to dissolve the attachment, he cannot, upon prevailing in the action, recover the amount of those charges from the officer who attached and sold the property.

Contract. At the trial in the superior court, before *Reed*, J., without a jury, these facts appeared: In January 1863, the defendant, a deputy of the sheriff of Suffolk, attached personal property on the writ in an action by Jeremiah H. Crary against this plaintiff's testator. The parties to that action did not consent to a sale of the property, and Crary made a request for the appraisement and sale of it in the manner provided in the Gen. Sts. *c.* 123, §§ 73 *et seq.* Upon the application of Crary, therefore, this defendant gave notice to this plaintiff's testator, and proceeded to cause an examination, appraisement and sale of the property, pursuant to the provisions of the statute, appointing an appraiser, under § 76, in his behalf, as he neglected to appoint one. The sale was made February 23, 1863, and the proceeds were $4045.49. The necessary charges of the sale were $370.33, and the officer's fees and charges on the writ, $283.95. On July 22, 1863, this plaintiff's testator gave a bond to Crary to dissolve the attachment, which was duly approved and accepted; and demanded of this defendant the proceeds of the sale. This defendant accordingly paid to him those proceeds less the sums of $370.33 and $283.95, and refused to pay over those sums, and has always retained them, and it was for their recovery with interest from July 22, 1863, that this action was brought.

The plaintiff's testator died September 27, 1864. The plaintiff was duly appointed executor of his will; was summoned into court in the pending action by Crary; defended it successfully to a final judgment; and then renewed upon this defendant the demand for payment of the two sums in dispute, before bringing this action. The judge ruled that on these facts he could recover only the sum of $283.95, with interest on that sum as claimed, and gave judgment accordingly. The plaintiff alleged exceptions; and the case was submitted to this court on briefs.

*J. Nickerson*, for the plaintiff. The Gen. Sts. *c.* 123, § 77, provide that the proceeds of the sale shall be held and disposed of in the manner provided in § 72; and § 72 provides that the proceeds, after deducting the necessary charges of sale, shall be disposed of in the same manner as the property would have been if unsold. Section 77, by including the whole proceeds, requires the officer to hold the whole proceeds till final judgment, to be then accounted for: and justice requires that this should be so; for otherwise a defendant might be deprived of property by a party having no cause of action, without receiving a proper equivalent and without remedy. The giving of the bond to dissolve the attachment gave the defendant in the original suit a right to all the proceeds; as also did the judgment in his behalf. Gen. Sts. *c.* 123, §§ 43, 104. The plaintiff in the original suit not prevailing, and the original defendant's property being sold without his consent, the latter was deprived of property without right or a trial by jury.

*N. Morse*, for the defendant.

AMES, J. The property attached in tne original suit of *Crary* v. *Pollard* was considered, and, as we are bound to presume, rightfully considered, as falling within the description of "live animals, or goods and chattels which are liable to perish, waste, or be greatly reduced in value by keeping, or which cannot be kept without great and disproportionate expense." Gen. Sts. *c.* 123, § 73. The officer proceeded, therefore, in due form, and in compliance with the next following four sections of that chapter to reduce the property to the more manageable and conven-

ient form of money, which he thereafter held, to be disposed of in the manner provided in the seventy-second section of the same chapter, for the case of a sale of attached property by consent of parties. Under that section, the proceeds of such sale, after deducting the necessary charges, are to be disposed of " in like manner as the property would have been if it remained unsold." That is to say, on the dissolution of the attachment, whether from the failure of the plaintiff to maintain his original suit, or from any other cause, it would be the officer's duty to deliver the proceeds of the sale, deducting the necessary charges, to the defendant in that suit, or his legal representative. His right to retain in his own hands the amount of those necessary charges is very clear upon the face of the statute.

It may possibly be urged that a party who has successfully defended himself against an unfounded or vexatious suit ought to have, in the shape of taxable costs or some other form, a suitable indemnity for actual expenses to which he has been wrongfully subjected. Any man is liable, under our practice, to have his property attached on mesne process. There are various modes in which he may relieve himself from that inconvenience, the most common mode being to file a bond for the dissolution of the attachment. If he should not choose or find it convenient to take that course, but should prefer to let the attachment remain, and if the property attached should fall within the description contained in § 73, the process of selling it is for his benefit quite as much as for that of the attaching creditor. The sale is really for the interest of both parties. The law assumes that it would be better for both parties, defendant as well as and perhaps even more than plaintiff, to have the property changed into money, rather than to allow it to perish or waste, or be kept at great expense till the suit in which it is attached should come to an end. It may be for this reason that the statute omits to provide that the party sued, if he should prevail in his defence, should recover the charges of the sale on mesne process from the original plaintiff. It is very clear that they cannot be recovered from the officer who served the writ, which is all that the court is at present called upon to decide.

*Exceptions overruled.*