HANNAH E. SMITH *vs.* HENRY WENZ.

Suffolk.   November 11, 14, 1904. — March 1, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Attachment. Officer. Practice, Civil,* Costs. *Words,* "Prevailing party."

In determining the validity of an attachment the return of the attaching officer must be taken as true. If not true, the remedy is by an action against the officer for a false return.

If the return of an officer states that he attached certain goods specifically described and at the same time attached other goods which he only identifies as goods of the defendant in a designated building, and further states that thereafter he released from attachment the goods not specifically described, the return discloses a valid attachment.

After an application by a plaintiff for a sale under R. L. c. 167, §§ 82-96, of goods which have been attached, if the attaching officer by direction of the plaintiff, instead of proceeding with the proposed sale, removes and stores the attached goods and continues to hold them, the attachment remains good, as the plaintiff has a right to withdraw his application for a sale.

Where but one judgment is rendered in an action, the prevailing party entitled to costs under R. L. c. 203, § 1, is he for whom the judgment has been given, although in the course of the proceedings he has made certain claims on which he is not allowed to recover and as to which the other party has prevailed. This applies to the taxation of costs for the transmission of papers to this court under R. L. c. 157, § 21. The words "prevailing party" in the last named section have the same meaning as in the statute first named, and do not mean the party in whose favor the questions before this court have been decided unless he also is the party in whose favor the judgment has been entered in the action.

If while an appeal from a taxation of costs by the clerk is pending the attaching officer is allowed to amend his return, *semble* that it is proper for the court to send the case back to the clerk to give him an opportunity to change his taxation on the record as amended, so that an appeal may bring the whole record before the court.

BARKER, J.   This cause went to judgment on March 7, 1904, in accordance with the rescript sent down upon the decision reported in 185 Mass. 229.   Thereafter steps were taken to tax the plaintiff's costs, resulting in a taxation in the clerk's office in the sum of $260.05, which upon appeal was affirmed by a judge of the Superior Court, and from this decision an appeal was taken by the defendant to this court.

The items which the defendant contends are embraced wrongfully in the taxation are of two classes, first, those taxed for officer's fees for service of the writ by attachment of the defend-

ant's goods, and second, those for entry fee, copies and briefs, when the case was here upon the report upon which the decision in 185 Mass. was made.

1. The defendant contends that the officer's fees for service by attachment were improperly allowed in the taxation because, first, there never was a valid attachment of goods upon the writ, and next, because if there at first was a good attachment it was made void and the officer rendered a trespasser *ab initio* because the plaintiff having made application to have the goods sold under the provisions of R. L. c. 167, §§ 82 *et seq.*, the proposed sale thereafter was abandoned and the goods were stored and kept.

The validity of the attachment is to be decided upon this appeal by the statements of the record, and the officer's return of service is to be taken as true. If false in fact the defendant's remedy is by an action against him for a false return. *Slayton* v. *Chester*, 4 Mass. 478. *Bean* v. *Parker*, 17 Mass. 591, 601. *Whithead* v. *Keyes*, 3 Allen, 495. *McGough* v. *Wellington*, 6 Allen, 505. This doctrine the defendant concedes, but urges that the return contains no sufficient description of the property said to be attached, and that the attachment must be held void for that reason. The return recites that on February 7, 1903, the officer by virtue of the writ " attached certain goods and chattels in building numbered 9 and 11 Harcourt St., Boston, as the property of the within named defendant Henry Wenz and placed a keeper in charge of the same." It further states that a summons was served on the same day, and that on February 12, 1903, the plaintiff having made application to have the goods sold the officer caused a schedule of " said property to be taken for said purpose," and that on February 21, 1903, by direction of the plaintiff's attorney he moved and stored as much of the attached property as is described in the schedule, and dissolved his attachment on all the other property attached except the sum of $36 in currency. The schedule referred to in the return is annexed to the writ and is of ninety-five bags of cocoa beans, each bag being described by numbers or marks and weight.

The defendant's argument is that he had at the building mentioned a candy factory in which was machinery, apparatus and much other personal property besides that mentioned in the schedule; that all this personalty was attached if any, and that the

whole attachment must be held void because a sufficient description of the whole property is not given in the return.

We do not so think. In *Baxter* v. *Rice*, 21 Pick. 197, where the return was merely that the officer had "attached a store of goods, the property of the" defendants, the action being trespass against the officer and his return not conclusive, the objection being taken that the return contained no sufficient description of the goods, the court said generally that it was important "that a good degree of exactness and particularity should be observed" to show the identity of the goods, but that "from the nature of the subject, it is difficult to lay down a precise general rule." No opinion was expressed upon the sufficiency of the return in *Baxter* v. *Rice*, because the return might still be amended and the cause was continued for that purpose. In *Baxter* v. *Rice*, the return stated the property as "a store of goods, the property of" the defendants. In the present case the return goes much further. It identifies the goods as being in a designated building, and further states that they are placed in charge of a keeper. From its statements of the officer's acts subsequent to the time when the attachment was first made the return makes it certain that the ninety-five bags of cocoa beans described in the schedule were articles comprised in the goods originally attached and placed in charge of the keeper. So far as they are concerned the return itself gives of them an exact and particular description.

In this proceeding the return must be taken to be true, and therefore we are to consider that while it states that the officer attached certain specifically described goods he attached also at the same time and place certain other goods of which he gives no detailed description, and no identification save that they were goods of the defendant in a designated building, and that thereafter the officer released from attachment the goods not specifically and particularly described. To hold that such a return made the whole attachment void, would be to impose upon every officer making an attachment of goods or chattels the duty of making at once a detailed schedule of the property attached. Such never has been the practice. Such a requirement would entail great and useless expense, and would be oppressive upon the defendant if not upon both parties. We are of opinion that the return discloses a valid attachment.

Nor do we think the attachment became void because at the direction of the plaintiff the officer, instead of proceeding with the proposed sale on mesne process, moved and stored the property and continued to hold it. The statutory provisions are found, in R. L. c. 167, §§ 82–96. Unless both debtor and creditor unite in a written consent, a sale can be made only after a determination on the part of appraisers that the property is liable to perish or waste, or cannot be kept without great and disproportionate expense. R. L. c. 167, § 87. It is true that the statute says that the property " shall . . . be examined, appraised and sold " upon the application of either of the parties interested to the attaching officer. The defendant's argument is that application having been made to the officer by the plaintiff the officer must then proceed with the statutory steps looking to a sale, and that his omission so to do makes him a trespasser *ab initio* and the attachment void. But either party having a right to make application for a sale the defendant could suffer no harm by the plaintiff's withdrawal of his application. In many cases an attachment covers both goods liable to sale and goods not so liable. If upon consideration, after having made application for a sale under the statute, an attaching creditor should find that he had secured a lien upon enough goods which were not of a character requiring or authorizing a sale upon mesne process, it would be monstrous and oppressive if he could not withdraw his application without wholly dissolving the attachment. No one can be damaged by such a withdrawal, for if the debtor desires a sale he can have it upon his own application. The statutes relating to attachment upon mesne process are to be read in the light of custom and of common practice, and we think it would be a surprise to the profession to construe the statute not to allow a party who has applied for a sale to withdraw his application upon finding that a sale was unnecessary. None of the cases cited by the defendant were cases in which the party asking for a sale had subsequently withdrawn his application. See *Crocker* v. *Baker*, 18 Pick. 407 ; *McGough* v. *Wellington*, 6 Allen, 505 ; *Pollard* v. *Baker*, 101 Mass. 259 ; *Wheeler* v. *Raymond*, 130 Mass. 247.

2. The general statutory provision for costs is that " In civil actions the prevailing party shall recover his costs, except as

otherwise provided." R. L. c. 203, § 1. Where but one judgment is rendered in the action the prevailing party is the one in whose favor that judgment is entered. *Ross* v. *Harper*, 99 Mass. 175, 177. The only judgment entered in the present case was in favor of the plaintiff, and therefore he was the "prevailing party" within the meaning of R. L. c. 203, § 1, although in the course of the proceedings he had made certain claims upon which he was held not entitled to recover, and as to which, though not generally in the action, the defendant prevailed. Whether the defendant is entitled to costs under the provisions of R. L. c. 203, § 10, providing that if a verdict is rendered for the plaintiff upon one or more counts and for the defendant upon any other or others each party shall recover costs for the travel and attendance of witnesses and other expenses incurred for evidence at the trial is not now in question. Nor do the provisions of R. L. c. 157, § 21, constitute an exception to the general rule laid down in R. L. c. 203, § 1. That section provides that the expense of copies for the full court and of their transmission "shall be taxed in the bill of costs of the prevailing party, if he has paid it." The words "prevailing party" are here used in the same sense as in R. L. c. 203, § 1, and do not mean the party in whose favor the questions carried to the full court are decided unless he is the party in whose favor a judgment is entered in the action. See *Ross* v. *Harper, ubi supra.* Costs in applications such as those which were considered in *Childs* v. *New Haven & Northampton Co.* 135 Mass. 570, depend on special provisions of statute, and are not within the general laws regulating costs in civil actions. *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, 117. The case of *Shattuck* v. *Woods*, 3 Pick. 267, was decided in 1825, under the provisions of St. 1784, c. 28, § 9, that "in all actions . . . the party prevailing shall be entitled to his legal costs against the other", and was a case in which there were two counts, with a verdict on one for the plaintiff and on the other for the defendant, and each party therefore was a prevailing party and was held entitled to recover his costs. But a new provision was introduced in the Revised Statutes, similar to that now found in R. L. c. 203, § 10, limiting the costs which the defendant can recover in such an action to certain expenses for procuring evi-

dence. See Rev. Sts. c. 121, § 16, and commissioners' notes to same, p. 282.

3. After one taxation had been made in the clerk's office from which both parties appealed to the court, pending those appeals the officer was allowed to amend his return, and thereupon the matter was referred back by the court for further hearing, and the clerk changed his taxation. The defendant contends here that the reference back to the clerk was wrong, and that the judge should have decided the questions raised by the appeals as the record stood when they were taken. We think the practice was right. The amendment allowed changed the record on which the taxation was to be made, and to have decided the appeal would have been to pass upon a moot question. However this may have been no exception appears to have been taken at the time to the course pursued by the court, and the question is not open.

> *Taxation of costs affirmed with costs of the appeal.*

*S. C. Bennett,* for the defendant.

*G. W. Anderson,* for the plaintiff.