MARGARET ROBERTS ET AL. *vs.* PORTLAND WATER DISTRICT.

Cumberland.    Opinion September 23, 1924.

*In condemnation proceedings, by right of eminent domain, by a water district under authority of a Private or Special Act, the owner of the property so taken may have the question of the necessity of the appropriation for public use judicially determined, and such part of the land so taken as the court shall determine as being necessary, or the whole of the land so taken if found to be necessary, shall be appropriated, and damages awarded accordingly.    If any of the land is judicially determined as necessary the moving party in the condemnation proceedings is considered as prevailing and entitled to costs.*

In cases of this kind if the property taken is not necessary for public good and uses the owner is entitled to judgment and costs.

If any part of the land taken is necessary for public uses such part may be appropriated upon payment of damages, the costs being taxable against the petitioner, the other party being the prevailing party.

On exceptions.    The Portland Water District under authority of Chapter 433 of the Private and Special Laws of 1907, under condemnation proceedings, took certain land owned by the plaintiffs for the purpose of constructing a new conduit and for other water-works improvements.    Commissioners were appointed to determine the question of necessity under Secs. 23 to 26 of Chap. 61, R. S., the owners of the land claiming that the taking was not necessary. After a hearing the commissioners found that it was necessary to take a part of the land but not the whole of it, and the plaintiffs contended that the commissioners could not make such a finding of fact, but must find that the whole or none of the land was necessary, but the presiding Justice ruled against the plaintiffs who entered exceptions, and the presiding Justice also ruled that the respondent was the prevailing party and entitled to costs under R. S., Chap. 61, Sec. 25, and plaintiffs excepted.    Exceptions overruled.

The case is fully stated in the opinion.

*William H. Gulliver and John B. Thomes,* for petitioners.

*David E. Moulton,* for respondent.

SITTING: CORNISH, C. J., DUNN, MORRILL, WILSON, DEASY, JJ.

DUNN, J. These petitioners owned certain land in Standish. By invoking the power of eminent domain, delegated to it in 1907, Chapter 433, Private and Special Laws, the Portland Water District took and preliminarily occupied that land, on the 19th day of March in 1923, for the laying out and construction of pipes and other water-works improvements. No question that the nature of the use was public arises. On a later day, the owners of the land seasonably filed the petition which is the background of the two questions presented for decision. One question concerns whether, without beginning over, part only of the land originally taken may be held by the district. The other question goes to taxable costs.

The petition is under the general statute enacted in 1911 and included in the latest revision of the statutes as Sections 23 to 27 inclusively of Chapter 61, to which statute this donee of the right of eminent domain is subject. R. S., Chap. 51, Sec. 2. The general statute, as consequential here, runs:

SEC. 23. The owner of property which is the subject of appropriation for public purposes by any water district may, upon hearing, have the necessity of the particular appropriation determined.

SEC. 24. The owner of such property may, within thirty days after the beginning of condemnation proceedings, file in the office of the clerk of courts of county where the property is situated, a petition to the supreme judicial court, for a decision as to the necessity of the appropriation. . . . . Any justice of the supreme judicial court, in term time or vacation, upon such petition, may appoint three disinterested commissioners, residents of the county in which the property is situated, one of whom shall be learned in sanitary matters, to determine the necessity of the particular appropriation.

SEC. 25. The commissioners shall fix a time for hearing, and give written notice thereof to the owner and to the district seeking to acquire said property. At the hearing all parties in interest shall be heard . . . .; the burden of proof to show the necessity of the particular taking shall rest upon the party seeking to acquire the property. . . . . The prevailing party shall recover costs as in actions at law. . . . .

The land owners petitioned that commissioners pass on the necessity for taking their land, asserting the taking to be unnecessary.

Commissioners were appointed.   They fixed the time for hearing and gave notice and heard the parties.   Their conclusion was that the exigency necessitated the taking of the greater part, but not all, of the land for proper public uses.   They reported accordingly.   The report was confirmed.   Besides, though the matter was not formally up, the court by mutual request ruled on costs, the ruling being favorable to the respondent.   The petitioners reserved exceptions on the confirmation and the ruling, and the exceptions were allowed.

Plainly the situation is one involving statutory interpretation and construction.   By interpretation the true sense of any form of words is ascertained.   Construction draws warrantable conclusions not always included in the direct expression.   In interpreting and construing a statute one must, so to speak, walk round the legislation, view it from every side and in every light, and read its letter and deduce its spirit conformably to well-established rules, till from it he has unfolded the single controlling thought around which everything in the whole enactment shall center, and to which in the final determination all shall at last return.

Every word of the statute is simple.   None is barrier or hindrance to perspicuity.   And fitting enough expression secures clearness when the several sections are brought together.

Let us take up the first section.   The word "particular" seems to fit the movement of the petitioner's contention that it is the unitary taking which must be sustained or no while the word has in itself a meaning that matches with the words preceding and curbs the immediately following word "appropriation."   But pass on to the next section.   Consonance with the foregoing section is perfect though "particular" is omitted from the principal clause and "appropriation" is apt to place and context without the qualifier.   Nor does the repetition of "particular" in the subordinate clause add force.   What this section provides is, that the owner of the property taken may petition that whether there was necessity for the appropriation of his land be decided by judicatory authority.

Of course "particular" was used with purpose.   Particular is a word of sundry meanings.   In Hamlet each particular hair was made to stand on end.   And Addison in the Vision of Justice writes:   "It was the particular property of this looking-glass to banish all false appearances, and show people what they were."

The law knows the earlier of two successive estates, on the termination of which a devise over is to take effect, as the particular estate in contradistinction to total ultimate ownership. There are particular liens, carrying the right of retaining property, as distinguished from general liens. And particular average, in marine insurance, in case of partial loss by perils of the sea. Causes are particular and so are customs and methods and opinions and propositions. A science or art has its particular utility. Synonymes of particular are special, specific, personal, private, individual, precise, and detailed. No useful purpose would be sufficed by extending the list. The construction of the word in the statute as meaning the same as "detailed" is perhaps as fair as any. The water district, in exercising the right of eminent domain, must file plans in designated public places, which show the location of the land to be taken and appropriately describe it, and the owner's name where known and other particulars are to be given. 1907 P. & S. L., supra. The district must publicly and particularly specify or detail the land it takes. When it does that, the owner of the particular property so taken and detailed, has standing to have the necessity of the appropriation reviewed in court. And where the sovereign state, through a regularly constituted authority, appropriates private property for public use without the owner's consent, the maxim that the greater includes the less applies, and the public end to be subserved circumscribes the taking. In the sight of the law useless labor is foolish.

Under the division of governmental dominion into three coordinate branches, the executive, legislative and judicial, the right of the exercise of eminent domain, ordinarily is exclusively legislative. *Riche* v. *Water Company*, 75 Maine, 91; *Hamor* v. *Water Company*, 78 Maine, 127; *Mosely* v. *Water Company*, 94 Maine, 83; *Brown* v. *Gerald*, 100 Maine, 351; *Hayford* v. *Bangor*, 102 Maine, 340; *Brown* v. *Water District*, 108 Maine, 227; *Bowden* v. *Water Company*, 114 Maine, 150. Similarly, when the power is delegated to municipal or quasi municipal or other bodies, with discretion as to when and how far it is to be called into use, the propriety of a taking is not for a court, provided that the power is not exceeded or perverted. *Brown* v. *Water District*, supra. But the grant of the right of eminent domain is fraught with the possibility of the disregard of another's rights. "Its exercise," in the terse sentence of Judge Deasy, "should be sedulously guarded." *Sidelinker* v. *Water Company*, 117 Maine, 528. The Legislature can

make the question of the existence of a genuine necessity for the appropriation determinable by a court. Some of these authorities recognize that principle and others support it; *Brown* v. *Water District,* supra; *Lynch* v. *Forbes,* 161 Mass., 302; *Minnesota Canal, etc. Co.* v. *Koochiching Company,* (Minn.), 107 N. W., 405, 5 L. R. A., (N. S.), 638; *Carnegie Natural Gas Company* v. *Swiger,* (W. Va.), 79 S. E., 3, 46 L. R. A., (N. S.), 1073; *Seattle, etc. Co.* v. *State,* (Wash.), 34 Pac., 551, 22 L. R. A., 217; Lewis on Eminent Domain, 3d Ed., Sec. 597. Our Legislature has done this very thing in the instance of the taking by a water district. R. S., supra. In the absence of the statute, in the case in hand, the trustees of the district would have judged finally of the necessity and expediency for taking the petitioner's land; under the statute, the judicative jurisdiction of the trustees, on the point of the necessity for the taking, was primary only.

Review in cases of this kind works out thusly: If, in the public exigency, it is unnecessary to appropriate the property, there is an end of the thing, except that the owner is entitled to judgment for taxable costs. Where necessary to take, it is for the condemnor to compensate the landowner justly, according to his interest and the quality of his estate, for that which was taken from him, reasonable opportunity to be heard on damages to be afforded. And where, as here, it is necessary to take part only of the land, then, with like chance for hearing, the condemnor must make just amends for the part taken, the award of compensation to be on the basis of the extent of the damage to the whole lot by reason of the taking of part.

The one issue on taxable costs is, who, in this case, within the meaning of the statute, is the prevailing party. The respondent is. When the district took the land, the situation stood that compensation therefor must be by agreement or proceedings to ascertain the amount, and so is it at the present time. In the interim, however, the landowners put in action that the appropriation of their land was not essential for the purposes stated in the notices of taking. Upon the trial of the issue the district sustained the burden of proof imposed upon it by the statute. The district prevailed, though it was given less of the land than it had taken. "If the jury award any damages . . ., he prevails." *Burrill* v. *Martin,* 12 Maine, 345. He is the prevailing party, on the authority of the *Bangor & Piscataquis Case,* 60 Maine, 285, who, at the end of the suit, or other proceeding, has successfully maintained the claim he made against the other.

In line with that is *Goodwin* v. *Boston & M. R. Co.*, 63 Maine, 363. The prevailing party is the party in whose favor the judgment is entered, although, in the course of the proceedings, he made certain claims upon which he was held not entitled, and as to which, though not otherwise, the other party prevailed. *Smith* v. *Wenz*, 187 Mass., 421. Judgment was against these petitioners; they did not prevail.

Both exceptions are without merit.

*Exceptions overruled.*