Bolster, C. J.
The officer’s return is that he made service on the defendant at the defendant’s last and usual place *251 of abode, in Boston. The defendant’s plea in abatement says that he lives in Brookline, and not in Boston. The objection touches venue, not jurisdiction. Brown v. Webber, 6 Cush. 560. Paige v. Sinclair, 237 Mass. 482. The only question is whether, on a plea in abatement claiming no more than wrong venue, evidence can be received to contradict the officer’s return. If it reaches to jurisdiction of course it can be received. Needham v. Thayer, 147 Mass. 536. Lowrie v. Castle, 198 Mass. 82. Bay State Wholesale Drug Co. v. Whitman, 280 Mass. 188. United Drug Co. v. Cordley & Hayes, 239 Mass. 334.
The important part of the evidence offered was not that he lived in Brookline but that he did not live in Boston. The officer’s return says that the place where he left the summons was the defendant’s last and usual place of abode. It was a complete return. Stewart v. Griswold, 134 Mass. 391, at 393. Joyce v. Thompson, 230 Mass. 254. The return is unqualified, and evidence to show it untrue is not admissible. It can neither be impeached nor enlarged by extrinsic evidence. Bruce v. Holden, 21 Pick. 187. Pullen v. Haynes, 11 Gray 379. Smith v. Randall, 1 Allen 456. Baker v. Baker, 125 Mass. 7. Smith v. Wenz, 187 Mass. 421. And that rule holds good when the attempt to contradict comes on an answer in abatement. Slayton v. Chester, 4 Mass. 478. The cases holding otherwise are cases in which the return was not complete, cf. Tilden v. Johnson, 6, Cush. 354, and therefore the evidence may be consistent with the return. In the present ease it falsifies the return.
• The defendant’s chief insistence is on Gen. Laws, Ch. 223, §1, providing that a transitory action shall be brought in the county where one of the parties lives or has his usual place of business, and if brought in any other county, the writ shall abate with double costs, if the action be not removed as provided in section fifteen. That section relates *252 only to actions in the supreme judicial or superior court. The legislation of which section one is the present form was passed at a time when civil actions were brought chiefly in the supreme judicial court and the county courts of common pleas. Small cases only could be brought before the local justice of the peace, who had not even a countywide jurisdiction. This statute had no application to him, and gave him no transfer power. His activities were regulated by provisions of law which now appear in Gen. Laws, Chap. 223, sec. 2. So that, so far as the provisions of section one carry any implication that, having the right to an abatement, a defendant sued in the wrong county has the right to show cause for abatement the statute does not serve a defendant sued here. cf. Crocker v. Justices of Superior Court, 208 Mass. 162,172. We must decide the matter apart from the statute, and, in the absence of any decision, for we know of none, admitting the sort of proof here offered, and with all the dicta against it, we find no error in its exclusion.
Report dismissed.