Rollins, J.
This is an action of contract in which the plaintiff seeks to recover from the defendant first, the costs awarded in a judgment in an action of summary process previously brought by this plaintiff against this defendant and second, the costs of a constable incurred in serving the execution issued on said judgment.
The pertinent facts as disclosed by the Report are as follows :
The judgment above referred to was entered on May 16, 1941 for the possession of an apartment in a dwelling house in the city of Quincy, and for costs of $4.50. An execution was issued on said judgment and placed in the hands of a constable of said Quincy for service. The constable evicted the defendant from the premises on May 26, 1941 and made the following return upon the execution.
*57 “Norfolk, ss. Quincy, May 26, 1941.
By virtue of this execution I this day took possession of the within named premises for the within named plaintiff and afterward on the same day I had said furniture of the within named defendant’s, placed in a public warehouse for safe keeping.
Fees: Time and trouble and moving $47.00
(Signed) WILLIAM J. WEYAND

Constable of Quincy”

At the trial there was oral evidence introduced tending to show that from the time the execution was placed in the hands of the constable until the time of the eviction the constable called at the premises at least ten times in order to have the defendant surrender the premises peaceably, that, after notice to the defendant, the constable moved the defendant’s personal property from the premises and the defendant not being present or claiming it, he moved it to a storage warehouse in Quincy for safe keeping where it was placed in the name of the defendant; that the constable made a charge of $25.00 for his services in the matter and paid to the furniture mover for trucking and moving the furniture the sum of $22.00; that the plaintiff paid to the constable the costs, these costs amounting to $47.00 and that the defendant has never paid the costs either to the constable or to the plaintiff.
The defendant seasonably presented the following request for rulings:
“That the plaintiffs are entitled as a matter of law to the costs on the execution for possession under the ejectment proceedings together with all costs incurred and paid to the constable in putting the plaintiffs in possession of their property under the said execution.”
The trial court denied the request for rulings and found for the plaintiff in the sum of $4.50.
*58 It is evident from the foregoing that the trial court found for the plaintiff on his first cause of action above set forth, namely, on the amount of costs awarded in the judgment in the action of summary process and accordingly it is unnecessary to consider that cause of action.. The only question before us is whether the trial court properly denied the request for rulings.
General Laws Chapter 262, Section 17 provides as follows :
“In the service of an execution of ejectment the fee shall be: For demand, $1.00, for delivery, $1.00; for all necessary expenses, including packing, teaming and labor; and the officer-may be allowed additional compensation by an order of the Court from which the execution issued.”
The return of the constable on the execution does not disclose any of the items for which he was legally entitled to receive a fee. If the plaintiff must rely, in proving the recoverable costs of the constable in serving the execution, upon the return of the constable, it is evident that he can recover nothing. The return of the constable does not set forth, as required by Section 17 of Chapter 262 any demand or any delivery. It does not set forth the necessary expenses including packing and teaming and labor, nor does it disclose that the constable was allowed any additional compensation by order of the Court from which the execution issued.
The plaintiff, however, at the trial sought to remedy the defects in the constable’s return on the execution by paroi evidence to the effect that the constable charged $25.00 for his services and paid to the furniture mover the sum of $22.00.
Such, evidence was not competent. It is well settled in this Commonwealth that as between the parties and their *59 privies the return of the officer is conclusive as to all matters which are properly the subject of a return by him. Parol evidence cannot supply what the officer in some form or words must certify in his return. United Drug Co. v. Cordley & Hayes, 239 Mass. 334, 339. Smith v. Wenz, 187 Mass. 421, 422. Zani v. Phandor Co., 281 Mass. 139, 145.
From the foregoing it is evident that there was no evidence properly before the trial judge upon which he could properly find for the plaintiff on his second cause of action above set forth.
The denial of the request for rulings was correct and the Report is dismissed.