Houston, J.
The plaintiff, Magnetic Products, Inc. (“Magnetic”) filed a seven-count complaint against defendant Parametric Technology Corporation (“Parametric”) and two others, alleging, among other things, a breach of a licensing agreement when the software it purchased failed to perform as expected. Parametric in turn filed a counterclaim alleging a different breach of the licensing agreement. Parametric now moves for partial summary judgment on its counterclaim, requesting Magnetic be found liable for Parametric’s attorneys fees pursuant to a clause in the software licensing agreement. Magnetic argues that the attorneys fees clause is ambiguous, thereby precluding summary judgment. For the following reasons, Parametric’s motion for partial summary judgment is ALLOWED.
Background
The undisputed material facts are drawn from the summary judgment record. On December 17, 1997 the parties entered into an agreement under which Magnetic contracted to purchase from Parametric a licensed computer software product called Pro/Engineer.
Section 11.2 of this licensing agreement provides in relevant part: “[Magnetic] shall pay [ParametricJ’s reasonable attorneys fees and costs incurred by [Parametric] in collecting overdue amounts, and/or in any controversy or litigation arising under or in connection with this Agreement in which [Magnetic] does not prevail against [Parametric] in all of the claims.”
On May 27, 1999, Magnetic filed a seven-count complaint in Michigan against Parametric and two others alleging, among other things, a breach of the licensing agreement when Pro/Engineer failed to perform as expected with Magnetic’s equipment. On December 15, 1999, this complaint was dismissed by the Michigan court (Breck, David F., J.) without prejudice pursuant to the forum selection clause in the licensing agreement.
On February 22, 2000, Magnetic filed a factually similar complaint against the same defendants in the Superior Court of Massachusetts. On April 18, 2000, Parametric answered Magnetic’s Massachusetts complaint and counterclaimed for attorneys fees pursuant to §11.2. On October 30, 2000, Parametric filed a motion to dismiss Magnetic’s claims. After a hearing, this Court (Houston, J.) dismissed Counts IV and VII of Magnetic’s complaint on July 10, 2001 and the remaining counts (Counts I, II, III, V, and VI) on January 11, 2002. The dismissal of these counts were pursuant to a limitations clause in the licensing agreement.
*605 Discussion
The Summary Judgment Standard. The court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. While it is true that “(t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor,’ ” Anthony’s Pier Four v. Crandall Dry Dock Eng’g, Inc., 396 Mass. 818, 822 (1986), the party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Contract Interpretation. The interpretation of an unambiguous written agreement is a matter of law for the court. Lumber Mut. Ins. Co. v. Zoltek Corp., 419 Mass. 704, 707 (1995). A contract provision is ambiguous only if it is “susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one.” Citation Ins. Co v. Gomez, 426 Mass. 379, 381 (1998). Amere claim of ambiguity, without more, will not defeat a motion for summary judgment, "if the documents do not reflect ambiguity on the point in question, and the party resisting summary judgment adduces no evidence of ambiguity or fraud.” USTrust v. Henley & Warren Management. Inc., 40 Mass.App.Ct. 337, 343 (1996).
The issue before the court is whether the attorneys fees clause in §11.2 is ambiguous, that is, susceptible ' of more than one meaning that reasonable persons would differ as to which is the proper one. First, the plaintiff asserts, without evidence to support this assertion, that the clause, read in its entirety, is only triggered when Parametric “offensively seeks the recovery of a judgment on an unpaid balance” due under the licensing agreement, and not to recover the fees and costs associated with defending a claim. Any other interpretation, according to the plaintiff, renders the clause ambiguous.
This Court does not agree. The plaintiffs argument ignores the words “and/or” in the clause. The words “and/or” in a contract commonly mean “one or the other, or both.” Local Division 589, Amalgamated Transit Union, AFL-CIO, CLC v. Com., 666 F.2d 618, 627 (1st Cir. 1981). Clearly, the clause is triggered when Parametric incurs fees and costs in three ways: 1) in collecting overdue amounts; or 2) in any controversy or litigation; or 3) in both collecting overdue amounts and in any controversy or litigation. Since the clause is susceptible to only one meaning — that the clause is triggered three ways — and not just triggered by a collection action, that part of the clause is unambiguous.
Second, the plaintiff also argues that since there has not been a finding or decision on the merits of any claim, it cannot be said that Parametric has “prevailed” under the terms of the clause at issue. This argument misstates who must “prevail” in the case. Clearly under the terms of the clause, it is not Parametric but Magnetic who must prevail in all of its claims in order to avoid paying the fees and costs Parametric incurred in defending itself against a losing case.
That detail aside, it is clear that Magnetic has not “prevailed” on all of the claims it brought against Parametric.[2] The term “prevailing party” has been construed to mean the party in whose favor judgment is entered. Hannon v. Original Gunite Aquatech Pools. Inc., 385 Mass. 813, 828 (1982), citing Smith v. Wenz, 187 Mass. 421, 425 (1905). Judgment was entered in favor of Parametric on all claims in the Michigan case, and in all counts in the instant case.[3] Since Magnetic has not prevailed in any of its claims, it certainly cannot prevail on all of its claims, and that triggers the clause which requires it to pay Parametric’s attorneys fees. Since this part of the clause is also not susceptible of more than one meaning, it too is unambiguous.
Where the wording of a contract is unambiguous, the contract must be enforced according to its terms. Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970). Here, the court finds, as a matter of law, that the attorneys fees clause is unambiguous. Accordingly, since Parametric incurred attorneys fees and costs in litigation in Michigan and Massachusetts, and that litigation arose under or in connection with the licensing agreement, and judgment was not entered in favor of Magnetic in any of the claims, the unambiguous terms of the licensing agreement makes Magnetic liable for Parametric’s reasonable attorneys fees and costs. The amount and reasonableness of these fees and costs are left to a determination at trial.
ORDER
The defendant Parametric Technology Corporation’s cross motion for partial summary judgment on its counterclaim is ALLOWED to the extent that Magnetic Products, Inc. is liable under the unambiguous terms of the licensing agreement for Parametric’s reasonable attorneys fees and costs in defending against Magnetic’s unsuccessful claims in both Michigan and Massachusetts.

 To the contrary, it has not prevailed on a single claim it has brought against Parametric.

 All of the counts alleged arose under or in connection with the licensing agreement.